## LOWE *v.* HOLDER.

1. This court having, at the January term, 1872, (45 *Ga.* 481) in a case to which the plaintiff in error and the predecessors in title of the defendant in error now asserting title against him, were parties, affirmed a judgment of the superior court construing a will whereby the land in controversy was devised, that judgment is binding and conclusive upon the parties now before the court.
2. Under the construction then placed upon the will in question, the persons under whom the above-designated defendant in error claims took an absolute fee in the property " upon their going upon the land to live "; and it follows that the court did not err in rendering a judgment against the plaintiff below.

Argued March 21, — Decided April 19, 1899.

Complaint for land.    Before Judge Reese.    Warren superior court.    April term, 1898.

The will of Margaret M. Shaw, after giving to Charles C. Lowe a remainder interest in certain land, disposed of other land as follows: "Item second.    I give and bequeath to Eliza-

beth Tarver and Margaret Ann Tarver [the land last mentioned], provided they come and live on it; if not, to remain with the other lot, and at the death of Elizabeth Tarver and Margaret Ann Tarver, that portion of the land, also, to go to Charles C. Lowe." After the death of the testatrix the Tarvers moved upon the land described in this item. Subsequently the executor of the will filed a bill praying for direction and for construction of this item, and that the Tarvers and Lowe, who were made parties defendant, be required to interplead. Lowe answered, contending that the Tarvers took only a life-interest in the land, with remainder to him. The Tarvers filed an answer, alleging that they were then residing on the land and intended to remain there permanently, and contending that they were therefore entitled to have it decreed to them in fee simple. The court held that the Tarvers, having complied with the condition of the will by living upon the land, took a fee-simple title. Lowe excepted to the decision, and the Supreme Court affirmed the judgment of the court below. *Lowe* v. *Cloud*, 45 *Ga.* 481. Afterwards the Tarvers sold the land to Joseph Holder, gave him possession, and moved away, having until then lived upon it continuously from the time when they first moved upon it. Holder remained in possession until the time of his death, and since then Mary A. Holder, his widow and sole heir at law, has lived upon the land. Holder bought with notice that Lowe claimed that a sale of the land by the Tarvers would reduce their interest in it to a life-estate, and that after their death it would pass to him (Lowe). This claim was the basis of the present action, which was brought by Lowe against Mary A. Holder, after the death of the Tarvers, for the recovery of the land. The defendant denied that the plaintiff had any interest in the land, and pleaded that the question as to his interest was adjudicated by the decision above referred to, and that he was thereby estopped from setting up any claim to the land. The court, to whom the case was submitted upon an agreed statement of facts, without the intervention of a jury, rendered judgment in favor of the defendant; and the plaintiff excepted.

*Thomas E. Watson* and *Samuel H. Sibley*, for plaintiff.

*James Whitehead, Phillips & Phillips, W. C. Beeks* and *J. S. Boynton,* for defendant.

LITTLE, J. 1. The will which is sought to be construed in the present action was passed upon by this court in the case of *Lowe* v. *Cloud,* 45 *Ga.* 481. That case arose on a bill filed by the executor against certain defendants, one of whom is the plaintiff in error here, praying for direction and a construction of the second item of the will of M. M. Shaw. The predecessors in title of the defendant in error were parties in that case. The superior court of Warren county held that the Tarvers took a fee-simple estate in the land covered by the second item of the will. In reviewing the decision so rendered, this court held that the second item of the will conveyed "a fee" in the land to Elizabeth Tarver and Margaret Ann Tarver, upon their compliance with the condition, that is to say, upon their going upon the land to live. It seems to us that the judgment rendered in that case is binding and conclusive upon the parties now before the court, according to the present record.

2. It will be noted that the decree by the chancellor in the case to which we have just referred held that the Tarvers, the devisees in the second item of the will, took a fee-simple estate in such land. It is true that this court, in passing on the case, held that the words used in this devise conveyed *a fee* in the land to the Tarvers; but, considering the question which was then before the court for determination, it is clear that in using the word *fee* there was no intent on the part of this court to limit the estate conveyed; and the meaning of that judgment and decision is, that the Tarvers under the terms of the second item of the will, took an absolute fee to the land therein described, when they complied with the condition named in the will, that is to say, upon their going upon the land to live. It is not necessary for us to consider, nor do we pass upon, the correctness of the decision then rendered. The question raised in the present record, according to our interpretation of that case, was fully and finally decided, and has been, since the rendition of the judgment therein, res adjudicata between the parties to the present case; and the judgment of the court below is

*Affirmed. All the Justices concurring.*