### 43682. BROOKS v. BROOKS et al.
(353 SE2d 337)

SMITH, Justice.

The Habersham Superior Court granted the appellees' motion for partial summary judgment against their mother, Mrs. Ara Brooks. Mrs. Brooks raises one issue on appeal. We reverse.

Radford Brooks, father of the appellees and husband of the appellant, left a will placing a large portion of his estate in a trust for the benefit of Mrs. Brooks. The appellees, two of the Brooks' children, were named trustees. Domestic disputes spawned this and another lawsuit.

The family disagreement first landed in the Cherokee County Superior Court. Part of the court order that ultimately evolved from the lawsuit dealt with section (g) of Item IV of the will which read, "My wife shall have the power at any time and from time to time, by instrument in writing, signed by her and delivered to the trustee, to direct the trustee to turn over any part of the property in this trust to or among such of my descendents, or spouses of such descendants, and in such manner, in trust or otherwise, as my said wife, may in such instrument direct." The court order stated, "[If Mrs. Brooks] were to exercise the power of appointment in trust identical to, or sufficiently similar to the purposes stated in paragraph IV and so as not to endanger the remaining estate under paragraph V c, the power of appointment would be virtually unlimited in scope."

Following an appeal of the Cherokee judgment, which resulted in an affirmance without opinion by this court, Mrs. Brooks attempted to appoint the property in the testamentary trust to two inter vivos

trusts virtually identical to the testamentary trust. Another of the Brooks' children was named trustee under the new inter vivos trust agreements. When the appellees refused to transfer the property to the new trusts, Mrs. Brooks filed this lawsuit in Habersham County to compel them to comply with her request.

The Habersham County Superior Court ruled that the terms of section (g) of Item IV of the testamentary trust only allowed Mrs. Brooks to appoint the trust property *for the benefit* of a certain class of the settlor's descendants, which, of course, did not include Mrs. Brooks, the settlor's wife. The court accordingly ruled that the appointment of the trust property to a trust for *Mrs. Brooks' benefit would* violate the intent of the settlor and thus should not be allowed. Mrs. Brooks now appeals, claiming that the order of the Cherokee County Superior Court is res judicata in this case, and that the Habersham County Superior Court erred in refusing to acknowledge that.

1. The Cherokee County order ruled that Mrs. Brooks possessed almost unlimited powers of appointment if she appointed the testamentary trust property to a trust identical in purpose to Item IV of the testamentary trust. This construction of the settlor's will is binding in any subsequent court action between the parties, *Lowe v. Holder*, 106 Ga. 879 (33 SE 30) (1899), and the Habersham County court erred in ruling that "it [was] of little or no importance that the new trusts [mirrored] the terms of the old except in the designation of trustees." The Habersham County Court's decision of the merits of the Cherokee County order notwithstanding, the finding that the terms of the new trusts mirror those of the original trust should have resulted in a ruling pursuant to the earlier court order that Mrs. Brooks may possess a virtually unlimited power of appointment.

2. Since the portion of the Cherokee County court order here construed is hardly vague, we need not address the clarity of other parts of that court order not directly involved with this case.

3. From the record before us, we cannot say that the Cherokee County court order constitutes an unconstitutional advisory opinion.

4. This court, or the Habersham County Court's view of the settlor's intent notwithstanding, the Cherokee County judgment, as far as we have discussed it, is binding as to the aforementioned issue. The Cherokee County order ruled specifically that Mrs. Brooks could appoint the trust property to a trust identical in terms to the settlor's testamentary trust.

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 3, 1987.

*Walter C. Alford,* for appellant.
*Custer, Johnson & Burke, Douglas A. Hill,* for appellees.