*Cullen,* for appellees.

## S91A1656. JERSAWITZ v. ELDRIDGE.
### (413 SE2d 725)

BELL, Justice.

This appeal concerns whether the appellee, who was the District Administrative Judge of the Fifth Judicial District, see OCGA § 15-5-4, and the Chief Judge of the Atlanta Judicial Circuit, see Ga. L. 1963, pp. 646-647 (hereinafter appellee will be referred to as "the judge") had the authority to issue the order that is the subject of this appeal. Without the benefit of an adversary proceeding, the judge interpreted the Open Records Act, OCGA §§ 50-18-70 to 50-18-75, as not permitting a private citizen to swear out an arrest warrant against a public official for a violation of the Act,[1] and ordered all judicial officers and judges in the Fifth Judicial District, see OCGA § 15-5-2, and the Atlanta Judicial Circuit, see OCGA § 15-6-1 (3), to refrain from issuing any arrest warrant under OCGA § 50-18-74 to any individual except the Attorney General, District Attorney or Solicitor General acting in their official capacities. The appellant, Jack Jersawitz, filed an application for a writ of prohibition in the Superior Court of Fulton County, contending the judge did not have the authority or jurisdiction to enter the order. A judge from a different judicial circuit and district was assigned to hear Jersawitz' action. After a hearing, the trial court ruled that the judge had the power and jurisdiction to issue the order. We conclude, however, that the judge did not have jurisdiction to enter the order in question, and we reverse.

In issuing the order, the judge was interpreting the Open Records Act in a manner that would affect the substantive rights of potential litigants. For this reason, the order exceeds the scope of the judge's administrative powers as District Administrative Judge of the Fifth Judicial District, see OCGA § 15-5-5,[2] and as Chief Judge of the At-

---

[1] OCGA § 50-18-74 makes it a misdemeanor for a person to wilfully refuse to provide access to public records.

[2] Section 15-5-5 provides as follows:

The duties and authority of each district administrative judge shall be as follows:

(1) To request, collect, and receive information from the courts of record within his district pursuant to uniform rules promulgated by the ten administrative judges; and

(2) To authorize and assign any superior court judge within the district to sit on any type of case or to handle other administrative or judicial matters within the district;

. . .

lanta Judicial Circuit, see Ga. L. 1963, pp. 646-647, §§ 2 and 3.[3] Moreover, we cannot agree with the judge that the order was a proper exercise of his power to issue orders in the nature of mandamus and prohibition. See Art. VI, Sec. I, Par. IV of the 1983 Georgia Constitution. To exercise such judicial power, the existence of an actual controversy was necessary. *Bowers v. Bd. of Regents*, 259 Ga. 221, 222 (378 SE2d 460) (1989); *St. John's &c. Church v. Commr. of Revenue*, 240 Ga. 733, 744 (1) (242 SE2d 108) (1978). See also *Brooks v. Brooks*, 256 Ga. 736, 737 (3) (353 SE2d 337) (1987). Fundamental to the existence of an actual controversy is the presence of adversarial parties. See *St. Johns*, supra, 240 Ga. at 734; Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3530, p. 309 (1984). In the instant case, there were no adversarial parties and thus no actual controversy before the judge, and the order therefore is not a proper exercise of his power to issue orders in the nature of mandamus and prohibition.

*Judgment reversed. Clarke, C. J., Weltner, P. J., Hunt, Benham and Fletcher, JJ., concur.*

DECIDED FEBRUARY 27, 1992.

Jack Jersawitz, *pro se.*
*Harrison & Willis, Randall P. Harrison, J. Stephen Clifford,* for appellee.

---

[3] Section 2 of the Chief Judge Act, see Ga. L. 1963, pp. 646, 647, does no more than make the chief judge "responsible for the administration and expeditious disposition of the business of the superior court of said circuit."

Section 3 of the Chief Judge Act provides that the chief judge may by published rule, or from time to time by order, allocate the jurisdiction and powers of the superior court of said circuit, and the duties of the judges thereof, among the judges of said circuit; may assign to the judges of said circuit such of the business of said circuit as he shall deem appropriate, provided that any assignment of cases to or among the other judges of said circuit shall be in accordance with a published rule of court; may make and publish calendars; may require reports from the clerk of court of said circuit and the other judges of said circuit relative to business pending before the court of said circuit; and generally shall supervise and direct the disposition of all the business of said court.