## 60208. DAVENPORT v. THE STATE.

BANKE, Judge.

Marque Pasadena Davenport on November 8, 1976, entered pleas of guilty to charges of armed robbery and burglary. He was sentenced to ten years in the penitentiary for each crime, the last two years on probation, the two sentences to be served concurrently. After sentence review pursuant to Code Ann. § 27-2511.1, the panel reduced the sentence to "ten years (six years to be served in custody followed by four years on probation)," with the same conditions of probation. Davenport was released early for "good time" computed on the six years in custody and on March 11, 1980, was charged with a violation of probation. After a hearing, the trial judge ordered that the four years probation, as imposed by the sentence review panel, be revoked and served in the penitentiary. Davenport appeals the probation revocation on the ground that the review panel exceeded the lawful authority of Code Ann. § 27-2511.1 by "increasing the term of years to be served on probation from two years to four years." *Held:*

Davenport contends that because Code Ann. § 27-2511.1 (c) gives the review panel the authority to reduce or refuse to reduce the sentence originally imposed, but not to reduce any sentence to probation or to suspend any sentence, the statute does not contemplate an increase of the original probationary period. Thus, it is urged, the order of the review panel was invalid and appellant can

only be required upon revocation of his probation to serve the original probated sentence of two years. While we applaud the ingenuity of the argument, we note that no complaint was made to extension of the probation until it was violated by appellant and revoked. It is true that a total conversion of a prison sentence to probation is prohibited, but a reasonable reading of both the statute and the instant order connotes that a partial conversion of a prison sentence to probation is permitted as a method of reducing the sentence originally imposed. Davenport was in fact released from prison earlier because of this "modification." Thus, we hold that the statutory provisions control here and under its own terms, "the reduction of a sentence, or the refusal to reduce a sentence, by the panel shall not be reviewable." Code § 27-2511.1 (d).

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

SUBMITTED JULY 1, 1980 — DECIDED JULY 16, 1980.

*Edward Lang,* for appellant.
*Randall Peek, District Attorney, Dave Wood, Assistant District Attorney,* for appellee.