## A92A0271. WARREN v. THE STATE.

(418 SE2d 783)

McMURRAY, Presiding Judge.

On June 6, 1989, defendant Warren entered his plea of guilty on two counts of violation of the Georgia Controlled Substances Act and one count of criminal use of an article with an altered identification mark. Defendant was initially placed on probation under the First Offender Act. Subsequently, defendant violated the terms of his probation and an adjudication of guilt was entered as to all three offenses. Defendant was sentenced to serve 12 months on Count 1, 10 years on Count 2, and one year on Count 3. This time to be over and above the time served on first offender probation. Defendant filed his timely application for review of the sentence on Count 2 to the Sentence Review Panel composed of three superior court judges, resulting in a reduction of sentence on Count 2, to five years, serve two years and the balance to be probated.

Pending resentencing, the State filed a motion to impose lawful sentence which contended that the sentence reduction entered by the Sentence Review Panel was void. The trial court determined that while the reduction of defendant's sentence to five years was within the authority of the Sentence Review Panel, that it lacks authority to probate a portion of that five-year sentence. The sole enumeration of error contends that the trial court erred in changing the sentence imposed and order of the Sentence Review Panel. *Held*:

In *Davenport v. State*, 155 Ga. App. 388 (271 SE2d 34), this Court approved an extension by the Sentence Review Panel of the probation contained in the original sentence imposed by the trial court, and held that a conversion of a part of the prison sentence to probation was an appropriate means of reducing the sentence. In *Davenport* the terms and conditions of probation had been prescribed by the trial court pursuant to OCGA § 17-10-1 (a) and the extension of probation by the panel was made subject to those same conditions of probation.

The panel again attempted to reduce a prison sentence by partial conversion of the prison sentence to probation in the case sub judice. However, in the case sub judice, the trial court did not exercise its authority to probate a portion of defendant's sentence, consequently, the trial court's sentence does not specify any terms and conditions of probation which may be adopted by the panel. Since the imposition of the terms and conditions of probation is a matter for the trial judge pursuant to OCGA § 17-10-1 (a), where no such conditions have been provided by the trial court, the case is not one in which the panel may appropriately reduce a prison sentence by partial conversion of the prison sentence to probation. Therefore, *Davenport* must be distinguished on the facts and the sentence of five years to serve is

affirmed. Nonetheless, under the particular facts and circumstances of the case sub judice and since the sentence imposed by the trial court is inconsistent with the order of the Sentence Review Panel, defendant may seek review of this sentence within 30 days after the remittitur of this court is received in the trial court without regard to the provisions of OCGA § 17-10-6 (d) limiting him to one application for review of a sentence.

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED MAY 6, 1992.

*T. Michael Martin*, for appellant.
*Robert E. Keller, District Attorney*, for appellee.