## A99A2501. PHILLIPS v. THE STATE.
(527 SE2d 283)

Barnes, Judge.

Carmen Phillips appeals her sentence on her first driving under the influence conviction, alleging the trial court erred by ruling that Georgia law required it to sentence her to 24 hours in jail. We affirm.

An accusation charged Phillips with driving under the influence to the extent she was a less safe driver, driving with an alcohol concentration of 0.10 grams or more, and driving with a suspended license. The initial traffic citation indicated that a breath test revealed a blood alcohol concentration of 0.11 grams. She pled guilty, and the parties announced to the court that they had negotiated a plea agreement in which Phillips would plead guilty to driving while a less safe driver and the State would enter a nolle prosequi on the charge of driving with a blood alcohol concentration of 0.10 or greater. During the plea hearing, the trial court said, "And I see that you pulled a point count of 0.11. That alcohol was in your system while you were driving. Is that correct?" Phillips answered, "Yes, ma'am."

While Phillips did not plead guilty to driving with a blood alcohol concentration greater than 0.10 grams or more, a violation of OCGA § 40-6-391 (a) (5), she admitted driving with a blood alcohol concentration greater than 0.10 grams. Therefore the trial court was required to sentence her to at least 24 hours in jail under OCGA § 40-6-391 (c) (1) (B), which provides for

> [a] period of imprisonment of not less than ten days nor more than 12 months, which period of imprisonment may, at the sole discretion of the judge, be suspended, stayed, or probated, except that if the offender's alcohol concentration at the time of the offense was 0.08 grams or more, the judge may suspend, stay, or probate all but 24 hours of any term of imprisonment imposed under this subparagraph.

Phillips argued at the plea hearing that, because she was pleading only to having driven while a less safe driver and the solicitor agreed that she would not present any evidence of blood alcohol concentration, the trial court did not have to sentence her to 24 hours in jail. In response to that argument, the court replied,

> I've seen that before and I, frankly, feel like it's a perversion of the law rather than a correct interpretation of the law. So, I am going to give her the 24 hours. . . . [I] am pretty convinced from the language [of the statute] that that is just not the intent. . . . I do think that it's pretty clear what they intended was anything that was in existence, and the only time I would feel comfortable in waiving that is when there

was a clear question as to the validity of the test. I don't think we have that here.

"In determining what sentence to impose upon a defendant, a trial court may consider any evidence that was *properly admitted* during the guilt-innocence phase of the trial." (Emphasis supplied.) *Boney v. Tims*, 254 Ga. 664, 665 (333 SE2d 592) (1985). Further, "sentencing courts are authorized to consider in aggravation any *lawful evidence* which tends to show the motive of the defendant, his lack of remorse, his general moral character, and his predisposition to commit other crimes." (Citation and punctuation omitted; emphasis supplied.) *McClain v. State*, 220 Ga. App. 474, 476 (3) (469 SE2d 756) (1996). While the accusation itself was not evidence that the defendant actually was guilty of the crime charged, *Graves v. State*, 269 Ga. 772, 774 (3) (504 SE2d 679) (1998), when lawful evidence such as the defendant's admission established she drove her car with a blood alcohol concentration greater than 0.10, the trial court was required to sentence her to serve at least 24 hours in jail pursuant to OCGA § 40-6-391 (c) (1) (B). Therefore, we conclude that the trial court committed no error.

*Judgment affirmed. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED DECEMBER 28, 1999.

*Patterson & Patterson, Jackie G. Patterson, Yasma Patterson*, for appellant.

*Louis J. Kirby, Solicitor*, for appellee.