A04A1100. COSTIN v. THE STATE.
(605 SE2d 73)

RUFFIN, Presiding Judge.

Robert Costin pleaded guilty to driving under the influence of alcohol to the extent it was less safe for him to drive. The trial court sentenced Costin to 12 months in jail, but probated all but 24 hours of the sentence. Costin, who had already served 11 hours in jail, asked the trial court to waive the remainder of his jail time, but the trial court refused, finding that OCGA § 40-6-391 (c) (1) mandated a minimum 24 hour jail sentence. On appeal, Costin contends that the trial court misconstrued this Code section. For reasons that follow, we agree and remand this case back to the trial court for resentencing.

OCGA § 40-6-391 (c) (1) (B) provides, in pertinent part, that every person convicted of driving under the influence

shall, upon a first or second conviction thereof, . . . be punished as follows: . . . [a] period of imprisonment of not less than ten days nor more than 12 months, which period of imprisonment may, at the sole discretion of the judge, be suspended, stayed, or probated, except that if the offender's alcohol concentration at the time of the offense was 0.08 grams or more, the judge may suspend, stay, or probate all but 24 hours of any term of imprisonment imposed under this subparagraph.

According to the trial court, this section required her to impose a sentence of at least 24 hours. We disagree.

Criminal statutes, which are construed strictly against the State, "must be read according to the natural and obvious import of their language, and their operation should not be limited or extended by application of subtle and forced interpretations."[1] Moreover, courts should give meaning to every part of a statute and not render language superfluous.[2] The statute at issue expressly limits a trial court's discretion in probating, suspending, or staying a prison sentence to those cases in which the offender's blood-alcohol content was 0.08 grams or more.[3] If we were to read this provision as limiting a trial court's discretion in *all* driving under the influence cases, regardless of the driver's blood-alcohol content at the time of the offense, we would render the statute's language meaningless. This, we will not do.[4]

Here, the record shows that Costin was charged with driving under "the influence of alcohol to the extent that it was less safe for him to drive." Apparently, Costin refused to submit to chemical testing, which would have established his blood-alcohol content. And there was no evidence presented at Costin's plea hearing to establish blood-alcohol content.

Under these circumstances, the statute does not *mandate* that Costin serve 24 hours in jail. The trial court, however, misinterpreted the statute, finding that it required such service. Based on this finding, the trial court refused to consider Costin's request that it waive the remainder of his jail time. Although the trial court was not required to suspend or probate any portion of Costin's jail time, we have held that a trial court errs when it refuses to consider viable

---

[1] (Punctuation omitted.) *State v. Langlands*, 276 Ga. 721, 724 (2) (583 SE2d 18) (2003).

[2] See *Latham v. State*, 225 Ga. App. 147, 150 (483 SE2d 322) (1997).

[3] See OCGA § 40-6-391 (c) (1) (B).

[4] See *Latham*, supra.

sentencing options and thus fails to exercise its discretion.[5]

*Phillips v. State,*[6] the case cited by the State, does not require a different result. In that case, Phillips pleaded guilty to driving under the influence to the degree it was less safe. But the record showed that Phillips took a breath test, which revealed a blood-alcohol content of 0.11. Furthermore, Phillips admitted to driving with a blood-alcohol concentration of greater than 0.10 grams. Under those circumstances, we concluded that "when lawful evidence such as the defendant's admission established she drove her car with a blood alcohol concentration greater than 0.10, the trial court was required to sentence her to serve at least 24 hours in jail pursuant to OCGA § 40-6-391 (c) (1) (B)."[7]

In this case, there is no evidence of Costin's blood-alcohol concentration. Although Costin's refusal to submit to chemical testing may create an inference that the test would show the presence of alcohol, it does not establish that his blood-alcohol content was greater than 0.08.[8]

Under these circumstances, the trial court failed to properly exercise its discretion in sentencing Costin. Accordingly, we hereby vacate Costin's sentence and remand to the trial court for resentencing with direction that the trial court consider suspending, staying, or probating Costin's remaining jail time.

*Judgment of conviction affirmed. Sentence vacated and case remanded for resentencing. Eldridge and Adams, JJ., concur.*

DECIDED SEPTEMBER 16, 2004.

*Jackie G. Patterson,* for appellant.
*Kirby & Roberts, Louis J. Kirby,* for appellee.

---

[5] See *Wnek v. State,* 262 Ga. App. 733, 734-735 (586 SE2d 428) (2003) (trial court abused its discretion by categorically refusing to consider first offender treatment following jury trial).

[6] 241 Ga. App. 689 (527 SE2d 283) (1999).

[7] Id. at 690.

[8] See OCGA § 40-6-392 (d); *Mendoza v. State,* 196 Ga. App. 627, 629 (2) (396 SE2d 576) (1990); *Brooks v. State,* 187 Ga. App. 194, 195 (1) (369 SE2d 801) (1988).