## A05A1289. THE STATE v. DYER.
### (621 SE2d 615)

MILLER, Judge.

Christina Dyer pled guilty to DUI and was convicted. The State appeals, arguing that the trial court erred in failing to sentence Dyer to the mandatory minimum period of imprisonment. We agree, vacate the sentence imposed, and remand for resentencing.

Dyer was charged by accusation with driving under the influence of alcohol to the extent that it was less safe for her to drive, driving with an unlawful blood-alcohol concentration of 0.08 grams or more, and failure to maintain lane. Dyer pled guilty to driving with a blood-alcohol concentration of 0.08 grams or more, and the remaining charges were nolle prossed. The trial court gave Dyer credit for the few hours served prior to her plea and required her to remain in the courtroom until 2:00 p.m. to complete the confinement requirement. The State argues that the trial court erred in refusing to require Dyer to serve the minimum imprisonment of 24 hours as specified by statute. We agree.

OCGA § 40-6-391 (c) (1) (B) provides that every person convicted of driving under the influence

> shall, upon a first or second conviction thereof, . . . be punished as follows: . . . [a] period of imprisonment of not less than ten days nor more than 12 months, which period of imprisonment may, at the sole discretion of the judge, be suspended, stayed, or probated, except that if the offender's alcohol concentration at the time of the offense was 0.08 grams or more, the judge may suspend, stay, or probate all but 24 hours of any term of imprisonment imposed under this subparagraph.

This statute expressly limits a trial court's discretion in probating, suspending, or staying a prison sentence in cases where the defendant's blood-alcohol content is 0.08 grams or more, requiring a minimum of 24 hours of imprisonment instead. See *Costin v. State*, 269 Ga. App. 632, 633 (605 SE2d 73) (2004). Since Dyer pled guilty to the charge of driving with a blood-alcohol concentration of 0.08 grams or more, the trial court was required to sentence Dyer to serve at least 24 hours of imprisonment. See *Phillips v. State*, 241 Ga. App. 689 (527 SE2d 283) (1999) (where defendant pled guilty only to less-safe-driver DUI charge but admitted in court to having a blood-alcohol concentration greater than 0.10 grams, the trial court was required to sentence her to serve a minimum of 24 hours in jail). Accordingly, we vacate Dyer's sentence and remand to the trial court for resentencing.

*Judgment of conviction affirmed. Sentence vacated and case remanded for resentencing. Blackburn, P. J., and Bernes, J., concur.*

DECIDED SEPTEMBER 28, 2005.

*Gerald N. Blaney, Jr., Solicitor-General, Jeffrey P. Kwiatkowski, Gary S. Vey, Jason R. Samuels, Assistant Solicitors-General*, for appellant.
*Charles T. Magarahan*, for appellee.