A05A2081. THE STATE v. SWARTZ.
(626 SE2d 210)

RUFFIN, Chief Judge.

After the Superior Court Sentence Review Panel reduced the sentence for Christopher Swartz, the State moved to set aside the new sentence, alleging it was void. The trial court denied the motion, and the State appeals. Specifically, the State argues that the reduction order is void because the statutory scheme permitting for the reduction of sentences is unconstitutional. In the alternative, the State argues that the Sentence Review Panel exceeded its authority in reducing Swartz's sentence. We affirm.

The undisputed facts show that Swartz pleaded guilty to aggravated stalking and attempting to elude a police officer, and the trial court sentenced him as a first offender to five years probation. Swartz's probation was subsequently revoked, and the trial court sentenced him to fifteen years, with ten to serve in prison and the remaining five years served on probation. Swartz applied for the Sentence Review Panel to review his sentence, and the Panel reduced his prison sentence to five years, followed by ten years on probation. The State moved to set aside the new sentence, alleging that it was void.

The trial court denied the motion, and the State appealed to the Supreme Court. The Supreme Court concluded that it could not reach the State's constitutional challenge because "the trial court did not

specifically address or rule on the State's constitutional question." Accordingly, the Supreme Court transferred the matter to this Court.

Since the Supreme Court's transfer order is final and binding, we are unable to consider the State's constitutional argument.[1] Thus, the only issue we address is whether the Sentence Review Panel exceeded its statutory authority in modifying Swartz's sentence. In this regard, OCGA § 17-10-6 (a) provides, in pertinent part, that

> [i]n any case, except cases in which the death penalty is imposed or cases involving a serious violent felony as defined in subsection (a) of Code Section 17-10-6.1, in which a sentence of 12 or more years, or several consecutive sentences which total 12 or more years, has been fixed and imposed by a judge, without a jury, the defendant shall have the right to have the sentence or sentences reviewed by a panel of three superior court judges to determine whether the sentence or sentences so imposed are excessively harsh.

Here, Swartz was sentenced to 15 years and thus comes within the ambit of the statute. Nevertheless, the State argues that the statute should be limited to those defendants who are subject to *imprisonment* for 12 or more years. We disagree. Criminal statutes are to be construed strictly against the State.[2] Such statutes " 'must be read according to the natural and obvious import of their language, and their operation should not be limited or extended by application of subtle and forced interpretations.' "[3] Here, the statute refers expressly to "sentence[s] of 12 or more years," rather than imprisonments of 12 or more years.[4] Thus, Swartz's 15-year sentence was subject to review.

The State argues that, rather than looking to the language of the statute, we should look solely to the statute's caption, which references "sentences of imprisonment for [a] period exceeding 12 years." However, unless there is an ambiguity in the statute, the plain language prevails over the caption in determining legislative intent.[5]

---

[1] See *Coker v. State*, 261 Ga. App. 646, 647 (1) (583 SE2d 498) (2003).

[2] See *Costin v. State*, 269 Ga. App. 632, 633 (605 SE2d 73) (2004).

[3] Id.

[4] Indeed, the application form provided by the county informs applicants to the Sentence Review Panel that sentences
> eligible for review are felony sentences of 12 or more years, including probated sentences, split sentences, [and] sentences imposed under the First Offender Act. If a First Offender Act sentence is revoked and a sentence of 12 years or more is imposed, that sentence is reviewable even if the original First Offender Act sentence has already been reviewed by the Panel.

[5] See *Foster v. Brown*, 199 Ga. 444, 450 (34 SE2d 530) (1945); see also *Lutz v. Foran*, 262

Finally, the State suggests that Swartz's sentence should not be subject to review because it followed a probation revocation. We note that Swartz initially was sentenced as a first offender. Pursuant to Rule 5 of the Rules for the Superior Courts Sentence Review Panel, "[i]f a First Offender Act sentence is revoked and a sentence of 12 or more years is imposed, that sentence is reviewable even if the original First Offender Act sentence has already been reviewed by the Panel." Thus, we find no merit in the State's argument.[6]

*Judgment affirmed. Johnson, P. J., and Barnes, J., concur.*

DECIDED JANUARY 17, 2006.

*Patrick H. Head, District Attorney, Dana J. Norman, Jesse D. Evans, Assistant District Attorneys*, for appellant.

*Freedman & Sinowski, Thomas C. Sinowski*, for appellee.

---

Ga. 819, 826 (427 SE2d 248) (1993) (Sears, J., dissenting).

[6] See OCGA § 17-10-6 (a); *Warren v. State*, 204 Ga. App. 191 (418 SE2d 783) (1992).