A06A0351. THE STATE v. SEARCY.
(627 SE2d 210)

BLACKBURN, Presiding Judge.

Following a bench trial resulting in the conviction of Teresa Searcy for fleeing or attempting to elude a police officer, the State appeals the sentencing portion of the trial court's order convicting Searcy, contending that the court erred in failing to sentence her to the mandatory minimum incarceration of not fewer than ten days. Because the applicable statute imposes a minimum sentence of ten days, and the trial court's sentence did not include any prison time, we agree.

The record shows that Searcy was convicted of fleeing or attempting to elude a police officer, as defined by OCGA § 40-6-395, which conviction she has not appealed. OCGA § 40-6-395 provides, in relevant part:

---

(a) It shall be unlawful for any driver of a vehicle willfully to fail or refuse to bring his or her vehicle to a stop or otherwise to flee or attempt to elude a pursuing police vehicle or police officer when given a visual or an audible signal to bring the vehicle to a stop. . . . (b) (1) Any person violating the provisions of subsection (a) of this Code section shall be guilty of a high and aggravated misdemeanor and: (A) Upon conviction shall be fined not less than $500.00 nor more than $5,000.00, which fine shall not be subject to suspension, stay, or probation *and imprisoned for not less than ten days* nor more than 12 months. Any period of such imprisonment *in excess of ten days* may, in the sole discretion of the judge, be suspended, stayed, or probated.

(Emphasis supplied.) This statute limits the trial court's discretion in suspending, staying, or probating imprisonment, and expressly requires that the violator be imprisoned for no fewer than ten days.

Here, the trial court imposed a sentence requiring Searcy to pay a fine of $588 and serve 12 months of probation. As the statute under which Searcy was convicted requires that violators be "imprisoned for not less than ten days," the trial court erred in failing to require a minimum of ten days imprisonment. Accordingly, we affirm the finding of guilt against Searcy, but vacate the sentence and remand for resentencing. See *State v. Dyer*.[1]

*Judgment of conviction affirmed, sentence vacated and case remanded for resentencing. Mikell and Adams, JJ., concur.*

DECIDED FEBRUARY 16, 2006.

*Alan R. Tawse, Jr., Solicitor-General, Arthur J. Creque, Assistant Solicitor-General*, for appellant.
Teresa Searcy, *pro se*.

---

[1] *State v. Dyer*, 275 Ga. App. 657 (621 SE2d 615) (2005).