### A06A0089. GIBSON v. THE STATE.
(632 SE2d 740)

RUFFIN, Chief Judge.

Following a probation revocation hearing, the trial court revoked the remainder of Christopher Gibson's probation, sentencing him to incarceration through October 2013. We granted Gibson's application for discretionary appeal to consider whether the evidence presented at the revocation hearing supported revocation of over eight years of probation. As the trial court exceeded its authority in revoking the remainder of Gibson's probation, we reverse.

Pursuant to OCGA § 42-8-34.1 (b), violations of probation must be proved "by a preponderance of the evidence." If the probation violation consists of a new, misdemeanor offense, the maximum period for which probation may be revoked is two years.[1] On the other hand, OCGA § 42-8-34.1 (d) provides that

[i]f the violation of probation or suspension alleged and proven by a preponderance of the evidence or the defendant's admission is the commission of a felony offense, the court may revoke no more than the lesser of the balance of probation or the maximum time of the sentence authorized to be imposed for the crime constituting the violation of the probation.

[9] See *Simmons v. State*, 223 Ga. App. 781, 782 (2) (479 SE2d 123) (1996).

[1] See OCGA § 42-8-34.1 (c).

Gibson had pled guilty to several crimes, including aggravated assault and possession of a firearm, and he was serving a probationary sentence. In April 2005, the State petitioned to have Gibson's probation revoked, alleging that he had been arrested and charged with "Aggravated [Assault], 2cts, Simple Assault, Criminal Trespass and Obstruction." During the hearing, Gibson admitted that, on February 26, 2002, he yelled curse words at and chased several children who he claimed were tampering with his bicycle. Gibson then apparently became involved in an altercation with an adult, and the police were summoned. When officers attempted to arrest him, Gibson resisted and told one female officer, "when you get me out of this car, I'm going to kick in your face, you ugly bitch." One of the children and one of the arresting officers also testified at the hearing.

We strictly construe criminal statutes, which are read according to the natural and obvious import of the statutory language.[2] The statute's "operation should not be limited or extended by application of subtle and forced interpretations."[3] In this case, the issue is whether a felony was alleged and proven under OCGA § 42-8-34.1 (d). Initially, we note that although aggravated assault was alleged, the State presented no evidence of this offense during the revocation hearing.[4] Thus, to the extent the trial court predicated its revocation of probation on this offense, it clearly erred.[5]

Gibson was also alleged to have committed the offense of obstruction. Pursuant to OCGA § 16-10-24 (b), "[w]hoever knowingly and willfully resists, obstructs, or opposes any law enforcement officer . . . in the lawful discharge of his [or her] official duties by offering or doing violence to the person of such officer . . . is guilty of a felony." At the hearing, evidence was tendered — and Gibson admitted — to resisting arrest and to threatening to "kick in [the] face" of one of the officers. Such evidence establishes the offense of felony obstruction.[6]

Gibson nonetheless contends that the trial court should not have revoked his probation on this basis because the petition did not specify *felony* obstruction. "Criminal statutes must be strictly construed, but that does not imply that such statutes are not subject to logical interpretation."[7] Here, the State alleged Gibson committed

---

[2] See *State v. Swartz*, 277 Ga. App. 241, 242 (626 SE2d 210) (2006).

[3] (Punctuation omitted.) Id.

[4] Apparently, the aggravated assault charge stemmed from Gibson's altercation with the adult, who did not testify at the hearing. And Gibson admitted only to the obstruction charge, implicitly denying the aggravated assault charge.

[5] See OCGA § 42-8-34.1 (d); *Williams v. Ayers*, 276 Ga. 130, 130-131 (577 SE2d 767) (2003) (trial court may only revoke balance of probation when authorized by statute).

[6] See *Cole v. State*, 273 Ga. App. 259, 260-261 (614 SE2d 883) (2005); *Glenn v. State*, 269 Ga. App. 412, 413-414 (604 SE2d 255) (2004).

[7] (Punctuation omitted.) *Chatman v. Findley*, 274 Ga. 54, 55 (548 SE2d 5) (2001).

the offense of obstruction, and it proved felony obstruction. Logically, therefore, Gibson's probation may be revoked on this basis.

Nevertheless, under OCGA § 42-8-34.1 (d), the trial court was authorized to "revoke no more than the *lesser* of the balance of probation or the maximum time of the sentence authorized to be imposed for the crime constituting the violation of the probation[,]"[8] which in this case was felony obstruction. The maximum sentence for this offense is five years.[9] It follows that the trial court was limited to revoking five years of probation and thus erred in revoking more than this amount.

*Judgment reversed. Smith, P. J., and Phipps, J., concur.*

DECIDED JUNE 16, 2006.

*James A. Messner*, for appellant.

*J. Gray Conger, District Attorney, Stacey S. Jackson, Assistant District Attorney*, for appellee.

---

[8] (Emphasis supplied.)
[9] See OCGA § 16-10-24 (b).