A07A0855. CHESTER v. THE STATE.
(651 SE2d 360)

PHIPPS, Judge.

Eric Baron Chester pled guilty to two counts of felony theft by taking, and was given a probated sentence. When he violated the terms of his probation, the trial court revoked the balance of his probated sentence and ordered him to serve it in confinement. We granted Chester's application for discretionary appeal to address his claims that the trial court erred by failing to consider the alternatives to confinement set forth in OCGA § 42-8-34.1 (c), and that the court lacked authority to revoke the balance of his probation. Because the

trial court exceeded its authority in revoking the remainder of Chester's probation, we reverse.

In December 2003, Chester was sentenced to ten years on each count, to run concurrently, but was required to serve only ninety days, which could be suspended upon entering and completing an intensive drug and alcohol treatment program. The remainder of the time was to be served on probation, provided Chester complied with the general and other conditions imposed by the court. When Chester left the treatment program without completing it and failed to report to his probation supervisor, Chester's probation officer petitioned for a modification or revocation of his probation. The petition stated that Chester had violated general condition number six (do not change his present place of abode, move outside the jurisdiction of the court, or leave the state without prior permission of his probation supervisor), general condition number four (report to probation supervisor as directed), and one of the "other conditions of probation" (pay fines and fees as directed by the probation supervisor).

At the probation revocation hearing in October 2006, Chester stipulated that he had violated the terms of his probation as alleged in the petition. He requested that he be allowed to go to a diversion center until he completed the treatment program. The state recommended that Chester be ordered to serve three years in confinement and that thereafter, the remainder of his sentence be terminated. Instead, the trial court elected to revoke the entire remainder of Chester's probated sentence and ordered him to serve it in confinement.

We strictly construe criminal statutes, reading them according to "the natural and obvious import of the statutory language."[1] The statute's "operation should not be limited or extended by application of subtle and forced interpretations."[2] OCGA § 42-8-34.1 sets forth the requirements for the revocation of a probated or suspended sentence. We consider whether the trial court complied with those statutory requirements in revoking the balance of Chester's probation.

> At any revocation hearing, upon proof that the defendant has violated any general provision of probation or suspension other than by commission of a new felony offense, the court shall consider the use of alternatives to include community service, intensive probation, diversion centers, probation detention centers, special alternative

---

[1] *Gibson v. State*, 279 Ga. App. 838, 839 (632 SE2d 740) (2006) (citation omitted).

[2] Id. (citation and punctuation omitted).

incarceration, or any other alternative to confinement deemed appropriate by the court or as provided by the state or county. In the event the court determines that the defendant does not meet the criteria for said alternatives, the court may revoke the balance of probation or not more than two years in confinement, whichever is less.[3]

If the violation of probation or suspension alleged and proven by a preponderance of the evidence or the defendant's admission is the violation of a special condition of probation or suspension of the sentence, the court may revoke the probation or suspension of the sentence and require the defendant to serve the balance or portion of the balance of the original sentence in confinement.[4]

For the purposes of OCGA § 42-8-34.1, a "special condition of proba-tion" means a condition of a probated sentence that "[i]s expressly imposed as part of the sentence *in addition to* general conditions of probation and court ordered fines and fees."[5]

The modification/revocation petition alleged that Chester had violated two general conditions of probation and one "other" condi-tion. The "other condition" was to pay fines and fees. Based on the statutory language, the conditions violated were not special condi-tions of probation because they were not imposed *in addition to* general conditions and court ordered fines and fees.[6] Thus, the trial court was not authorized to revoke Chester's probation based on a violation of a special condition of probation, and could not revoke the balance of Chester's probation and require him to serve more than two years in confinement.

The state argues that the trial court's action was authorized because Chester committed a new felony offense, escape, when he left the treatment program and failed to report to his probation officer.[7]

---

[3] OCGA § 42-8-34.1 (c).

[4] OCGA § 42-8-34.1 (e).

[5] OCGA § 42-8-34.1 (a) (1) (emphasis supplied).

[6] Cf. *Chatman v. Findley*, 274 Ga. 54 (548 SE2d 5) (2001) (under former version of OCGA § 42-8-34.1, failure to make court ordered payments of restitution would constitute violation of special condition of probation authorizing revocation of entire balance of probated sentence); *Hill v. State*, 270 Ga. App. 114, 118, n. 20 (605 SE2d 831) (2004) (restitution is a special condition of probation on preprinted sentencing form, although it is a general condition of probation under OCGA § 42-8-35).

[7] See OCGA § 42-8-34.1 (d) (if violation of probation alleged and proven by a preponderance of the evidence or defendant's admission is commission of felony offense, court may revoke no more than lesser of balance of probation or maximum time of sentence authorized to be imposed for crime constituting violation of probation).

A person commits the offense of escape when, having been convicted of a felony or misdemeanor or violation of a municipal ordinance, he intentionally escapes from lawful custody or any place of lawful confinement.[8] Escape is also defined as the failure to return to a "residential facility operated by the Georgia Department of Corrections after having been released on the condition that he . . . will so return."[9] But Chester was not in lawful custody or any place of lawful confinement. Nor was he in a residential facility operated by the Georgia Department of Corrections. His departure from an alcohol and drug treatment center did not constitute the felony offense of escape. Thus, we cannot affirm the trial court's ruling on that basis.[10]

The language of OCGA § 42-8-34.1 (c) is mandatory in that it requires the trial court, under circumstances applicable here, to consider alternatives to confinement. If the court determines that the defendant does not meet the criteria for said alternatives, the court has authority to order no more than two years confinement. Here, nothing in the record shows that the trial court considered alternatives to confinement, and the trial court erred by ordering Chester to serve more than two years in confinement. We therefore reverse the judgment of the trial court and remand the case for compliance with the requirements of OCGA § 42-8-34.1 (c).

*Judgment reversed and case remanded. Johnson, P. J., and Mikell, J., concur.*

DECIDED AUGUST 1, 2007.

*Darel C. Mitchell*, for appellant.
*Fredric D. Bright, District Attorney, Wilson B. Mitcham, Jr., Assistant District Attorney*, for appellee.

---

[8] OCGA § 16-10-52 (a) (1).

[9] OCGA § 16-10-52 (a) (5); see *Echols v. State*, 233 Ga. App. 578 (505 SE2d 55) (1998) (not reporting back to a diversion center constitutes the felony offense of escape).

[10] See generally *Gibson*, supra (trial court may not revoke probation for new felony offense unless the offense is alleged and then proven at revocation hearing).