## A10A0781. BARNES v. THE STATE.

(695 SE2d 339)

SMITH, Presiding Judge.

In this discretionary appeal, Walter Barnes III appeals from the trial court's order revoking his probation. Barnes asserts that the trial court improperly revoked his probation for a term longer than permitted by his original sentence. In its brief, the State concurs and requests that this court remand this case to the trial court for resentencing.

On September 19, 2003, the Superior Court of Athens-Clarke County sentenced Barnes to serve 20 years in confinement for burglary and possession of tools for the commission of a crime. The superior court also ordered, however,

[t]hat the first 10 years of this sentence be served in confinement, and that following the Defendant's release from confinement the remainder of the sentence herein imposed be served by the Defendant on probation PRO-VIDED, that the Defendant complies with the General and Special Conditions of Probation herein imposed as a part of this order and sentence. The Defendant is to receive credit for jail time served from 8-13-02 against the confinement portion of said sentence.

Based upon this sentence, Barnes was scheduled to begin serving the probationary portion of his sentence on August 13, 2012. At some point, however, the Department of Corrections paroled Barnes from prison, and in 2009 he committed additional burglaries.

In April 2009, the State issued an arrest warrant for Barnes's probation violations, and the trial court concluded after an evidentiary hearing that the "State proved by a preponderance of the evidence that [Barnes] committed 5 separate burglaries. . . ." On May 12, 2009, it revoked Barnes's probation and ordered him to serve the balance of his 20-year sentence in confinement (13 years, 3 months and one day).

We agree that the trial court erred by revoking Barnes's probation for a period that exceeded the ten year probationary period in its initial sentence. OCGA § 42-8-34.1 (d) provides:

If the violation of probation or suspension alleged and proven by a preponderance of the evidence or the defendant's admission is the commission of a felony offense, the court may revoke *no more than the lesser of the balance of probation or the maximum time of the sentence authorized to*

> *be imposed for the crime constituting the violation of the probation.*

(Emphasis supplied.) In this case, the maximum sentence for burglary (the felony resulting in the revocation of Barnes's probation) is 20 years. See OCGA § 16-7-1 (b). Because the balance of Barnes's probation period was ten years, this lesser amount of time was therefore the maximum amount the trial court could revoke under OCGA § 42-8-34.1 (d). See *Gibson v. State*, 279 Ga. App. 838, 840 (632 SE2d 740) (2006) (trial court erred by revoking term of probation greater than that authorized by OCGA § 42-8-34.1 (d)). Accordingly, we vacate the trial court's order revoking probation and remand this case to the trial court.

*Judgment vacated and case remanded. Mikell and Adams, JJ., concur.*

DECIDED MAY 6, 2010.

*Benjamin A. Pearlman*, for appellant.

*Kenneth W. Mauldin, District Attorney, Raquel C. Stokes, Assistant District Attorney*, for appellee.