**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**November 20, 2012**

# In the Court of Appeals of Georgia

A12A1040. MCCLENDON v. THE STATE.

BARNES, Presiding Judge.

Jason Kelly McClendon appeals from the order of the trial court denying his "Motion to Hold Judgment Void Pursuant to OCGA § 17-9-4." McClendon was found guilty of voluntary manslaughter and sentenced to serve 20 years in confinement, but his sentence was reduced to 15 years by the Sentence Review Panel. . McClendon contends that the trial court erred in holding void the Sentence Review Panel's order that modified his original sentence. Upon our review, we reverse.

On September 14, 1996, McClendon, then 14 years old, was found guilty of the voluntary manslaughter of his mother. He was given the maximum sentence of 20 years to serve in confinement. McClendon's conviction was affirmed by this Court on direct appeal in an unpublished opinion, and the remittitur was filed and recorded in the Superior Court of Monroe County on July 16, 1997. On June 4, 2001,

McClendon, pro se, filed an application for an out-of-time review by the Sentence Review Panel. On January 18, 2002, the Review Panel reduced his sentence to "twenty years, serve fifteen, balance probated." On March 29, 2002, the panel entered another order, nunc pro tunc to January 18, 2002, reducing McClendon's sentence to "twenty years, serve fifteen." McClendon was released from prison on September 25, 2010 after serving 15 years, and apparently ordered to report to the State Probation Department.

Over the next several months, it was alleged, on multiple occasions McClendon violated his probation by failing to report and failing to notify his probation officer of his address. On June 21, 2011, the State filed a "Petition for Modification/Revocation of Probation" alleging that McClendon had violated the terms of his probation "*which are fully set forth in the original order*" by, among other things, violating "special condition to complete requirements of intensive probation, [and] failure to abide by rules and regulations of intensive probation." The petition also alleged that McClendon had committed another crime, "Possession of Drugs/Weapons by an Inmate and Criminal Interference with Government Property." At the hearing on the petition, McClendon moved to dismiss the revocation petition, arguing that the trial court lacked jurisdiction to impose new probation terms. The

2

State introduced into evidence a document signed by McClendon entitled "Special Conditions of Intensive probation Supervision" dated March 22, 2011. It provided that McClendon was assigned to the Intensive Probation Supervision Program and listed certain conditions of probation. The trial court denied McClendon's motion to dismiss and entered an order in which it purported to revoke the "balance" of McClendon's 20-year sentence- four years, two months and twelve days in confinement.

McClendon filed a motion to void the order revoking his probation pursuant to OCGA § 17-9-4, arguing that, pursuant to the Sentence Review Panel's modification order, he was not on probation. Subsequently, the State filed a "Motion to Hold as Void and a Nullity the Orders of the Sentencing Review Panel Dated January 18, 2002, and February 22, 2002."

After a hearing, the trial court denied McClendon's motion, granted the State's motion, and entered an order voiding the Review Panel's two orders upon finding that the panel had lacked authority to modify McClendon's sentence and that his original sentence of 20 years in confinement was valid. The trial court found that the Review Panel lacked subject matter jurisdiction over McClendon's application in 2002 because it was not filed within the 30-day filing limitation provision in former OCGA

3

§ 17-10-6 (a), and that there was no evidence in the record that McClendon had been granted an extension of time to file the application.

The trial court also held that the Review Panel did not have authority to "modify a straight prison time sentence as to make it a split sentence (to probate or suspend a portion of the sentence)." It found that the Review Panel's order reducing McClendon's sentence to "twenty years, serve fifteen"was in common parlance a sentence of fifteen years to be served in prison and the balance to be served on probation, and concluded that the Panel's orders were void and the original sentence of twenty years confinement was still valid.

1. In two related enumerations, McClendon contends that the trial court erred in denying his motion to void the order revoking his probation pursuant to OCGA § 17-9-4 and granting the State's motion to void the Sentence Review Panel order because the trial court lacked subject matter jurisdiction over the modification of his punishment,[1] and the order doing so violated the 5th Amendment prohibition against double jeopardy. Upon our review, we reverse.

---

[1] "The judgment of a court having no jurisdiction of the person or subject matter, or void for any other cause, is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it." OCGA § 17-9-4.

Former OCGA § 17-10-6 titled "[r]eview of sentences of imprisonment for period exceeding 12 years by three-judge panel,"[2] provided that

> the defendant shall have the right to have the sentence or sentences reviewed by a panel of three superior court judges to determine whether the sentence or sentences so imposed are excessively harsh. . . . Any defendant seeking a review of such sentence or sentences shall make application therefor within 30 days of the date on which the sentence was imposed by a judge of the superior court or after the remittitur from the Court of Appeals or Supreme Court affirming the conviction is made the judgment of the sentencing court, whichever occurs last.

OCGA § 17-10-6 (a). And additionally, the statute provided that the "[t]he panel shall not have the authority . . . to reduce any sentence to probation or to suspend any sentence," OCGA § 17-10-6 (c), and that "any order issued by the panel reducing or refusing to reduce any sentence covered by an application shall be binding on the defendant and the superior court which imposed the sentence." OCGA § 17-10-6 (d).

Generally, a trial court loses subject matter jurisdiction over the issue of punishment at the end of the term in which the defendant was convicted and sentenced, unless the sentence originally imposed was void. *Sledge v. State*, 245 Ga.

---

[2] As of July 1, 2007, former OCGA § 17-10-6 was repealed, and OCGA § 17-10-6.3 came into effect with guidelines for completing any matters still pending before the Panel. Ga. L. 2007, pp. 595, 596, §§ 2, 3.

5

App. 488 (537 SE2d 753) (2000). "A sentence is void if the court imposes punishment that the law does not allow. When the sentence imposed falls within the statutory range of punishment, the sentence is not void[.]" (Citations and punctuation omitted.) *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). In cases where the sentence is not void and the defendant filed an application for review of their sentence under former OCGA § 17-10-6, "as long as the sentence is one which is otherwise covered by an application, a Sentence Review Panel decision is totally insulated from a trial court's claim of reinvested subject matter jurisdiction over the question of punishment." *Benefield v. State*, 276 Ga. 100 (575 SE2d 453) (2003). Thus, as "[a]ny order issued by the Panel reducing or refusing to reduce any sentence covered by an application shall be binding on the defendant and the superior court which imposed the sentence," OCGA § 17-10-6 (d), the trial court's subject matter jurisdiction is "strictly limited to determining whether the sentences for which [the defendant] had sought review were among those which the Panel was statutorily authorized to reduce." Id.

Here, the trial court found that the Panel's reduced sentenced was void because the application for review was filed outside of the 30-day application period and void because the Panel was not statutorily authorized to give McClendon a probated

6

sentence. Regarding the purported probated sentence, the Panel amended its first sentence reduction which provided for five years probation. In the amended reduction, the Panel's sentence was "twenty years, serve fifteen." The trial court interpreted the language as a sentence of fifteen years to be served in prison and the balance to be served on probation.

It is true that the Panel did not have authority to modify a sentence to include probation where the initial sentence did not provide for probation. *Davenport v. State*, 155 Ga. App. 388 (271 SE2d 34) (1980). However, the Panel remedied any error in its amended order which removed the probation language and instead used the revised language "twenty years, serve fifteen." Even if the language could be interpreted as an unauthorized imposition of probation, the sentence would not be void on that basis because the Panel was authorized to reduce the overall sentence from twenty years to fifteen.

In *Warren v. State*, 204 Ga. App. 191 (418 SE2d 783) (1992), Warren had been sentenced to serve twelve months on Count 1, ten years on Count 2, and one year on Count 3, and after he filed an application for review of the sentence, the Panel reduced the second count to five years with two years to be served in custody and the remainder on probation. Id. The trial court determined that while the reduction of

Warren's sentence to five years was within the authority of the Sentence Review Panel, the Panel lacked authority to probate a portion of that five-year sentence because the trial court's original sentence did not specify any terms and conditions of probation that could be adopted by the Panel. Id. This Court affirmed the trial court's order finding that the five-year reduction was valid and agreed that

> [s]ince the imposition of the terms and conditions of probation is a matter for the trial judge pursuant to OCGA § 17-10-1 (a), where no such conditions have been provided by the trial court, the case is not one in which the panel may appropriately reduce a prison sentence by partial conversion of the prison sentence to probation.

Id.

Likewise here, even if the "twenty years, serve fifteen" language could somehow convey an attempt to probate five years of McClendon's twenty-year sentence, his original sentence did not provide for any terms and conditions of probation which could have been adopted by the Panel. Reducing the twenty-year sentence to fifteen years in confinement was clearly within the authority of the Panel, see OCGA § 17-10-6 (a), and the trial court erred in finding that the Panel's order was void on that basis. See *Warren*, 204 Ga. App. at 191.

8

The trial court also found that the Panel's reduced sentence was void because McClendon filed his application outside the time period allowed in OCGA § 17-10-6 (a), which provides that applications for sentence review are to be filed

> within 30 days of the date on which the sentence was imposed by a judge of the superior court or after the remittitur from the Court of Appeals or Supreme Court affirming the conviction is made the judgment of the sentencing court, whichever occurs last.

The trial court held that, pursuant to Rule 24 of the Rules for the Superior Courts Sentence Review Panel,[3] the Panel would only have had jurisdiction to review the application for sentence review if the sentencing court had granted McClendon permission to file the application out of time. The trial court concluded that, since there was no evidence in the record that the sentencing judge had granted such an application, the Review Panel's exercise of jurisdiction was a nullity and its sentence reduction void.

---

[3]"Out-of-time applications for Review of Sentence will be granted only when the Panel is ordered to do so by a court of competent jurisdiction or if the sentencing judge certifies to the Panel that an appropriate and timely explanation of the right of sentence review was not made to the defendant; however the sentencing judge shall have the right to grant a discretionary out-of-time review." Rule 24, Rules for the Superior Courts Sentence Review Panel of Georgia.

It is undisputed that McClendon's application was filed well outside of the statutory 30-day period. The remittitur from this Court was filed and recorded in the Monroe Superior Court on July 28, 1997, and McClendon filed his application for an out-of-time review in January 2001. It is also clear that the Sentence Review Panel had an alternate path for considering out-of-time requests for review in addition to the process outlined in Rule 24.

McClendon filed an application for an out-of-time review on June 04, 2001, and the Panel forwarded the application to the sentencing court with a letter directing it to "[p]rocess this request and forward the appropriate documents to the panel along with a copy of the request within 10 days of receipt" and that "[e]ligibility for sentence review will be determined by the Panel." The docketing notice subsequently sent to McClendon from the Panel was on a pre-printed form which indicated the status of the application. There was a option which reflected that the application had been filed more than thirty days after the sentence or remittitur and that therefore the Panel was "determining whether an OUT-OF-TIME review will be granted."[4] Another option, which was the one marked on McClendon's notice, stated that his

---

[4]Some of the language in this provision is not legible, but it appears to instruct the applicant not to submit arguments until further notice.

out-of time review had been granted and directed him to submit his argument or memorandum with fifteen days of the September 13, 2001 docketing date.

Here, the Panel clearly acted under the authority of an accepted process to consider late-filed applications for sentence review. Although the trial court found that the Panel had acted outside of the guidelines provided for in the Panel's Rule 24, it is clear from the record that the Panel forwarded the application to the sentencing court to be "processed," and that the application was then sent back to the Panel. It is not outside the realm of possibility that the "processing" was in keeping with Rule 24's direction that the Panel must be "ordered to [grant the application] by a court of competent jurisdiction."

Thus, in this case, "upon the [appellate court's] affirmance of [McClendon's sentence[], all subject matter jurisdiction in that regard passed from the [appellate court] and became invested exclusively in the Panel, rather than in the [trial court.]" *Benefield*, 276 Ga. at 101. Pursuant to OCGA § 17-10-6 (d), the trial court had no authority to review the panel's sentence reduction, which was binding on the defendant and the superior court which imposed the sentence. "[A]s long as the sentence is one which is otherwise 'covered by an application,' a Panel decision is totally insulated from a trial court's claim of reinvested subject matter jurisdiction

11

over the question of punishment." *Benefield v. State of Ga.*, 276 Ga. at 101-102 (2).

"[The trial court's] subject matter jurisdiction was strictly limited to determining whether the sentence[] for which [McClendon] had sought review w[as] among those which the Panel was statutorily authorized to reduce." Id. at 102.

> OCGA § 17-10-6 (a) enumerates those sentences which are subject to a defendant's request for Panel review. That provision specifies that, [i]n any case, except cases in which the death penalty is imposed or cases involving a serious violent felony as defined in subsection (a) of Code Section 17-10-6.1, in which a sentence of 12 or more years, or several consecutive sentences which total 12 or more years, has been fixed and imposed by a judge, without a jury, the defendant shall have the right to have the sentence or sentences reviewed by a panel of three superior court judges to determine whether the sentence or sentences so imposed are excessively harsh.

Id.

Accordingly, because McClendon's sentence was longer than 12 years and therefore clearly subject to a sentence review under OCGA § 17-10-6 (a), and his application for an out-of-time sentence review was granted, the trial court's reinvested subject matter jurisdiction over the question of the sentencing was improper. See *Warren*, 204 Ga. App. at 191 (under applicable statutes, Panel has no original probationary authority over unprobated sentences); *Davenport*, 155 Ga. App.

12

at 389 (Panel's statutory authority extends to modification of initially probated sentences); compare *Benefield*, 276 Ga. at 102 (trial court did not have subject matter jurisdiction over any issues related to the Panel's decision, including the constitutionality of the statute which created the Panel.)

The trial court's order reinstating McClendon's twenty-year sentence and voiding the order of the Panel is reversed, and it is directed to reinstate the Panel's sentence of fifteen years to serve in confinement. Consequently, McClendon's sentence was fully served when he was released on September 25, 2010.

2. Based on our holding in Division 1, we need not address McClendon's remaining enumeration regarding double jeopardy issues.

*Judgment reversed. Adams and McFadden, JJ., concur.*