**FIFTH DIVISION**
**REESE, P. J.,**
**MARKLE and COLVIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**February 3, 2021**

# In the Court of Appeals of Georgia

A20A1908. COLLINS v. THE STATE.

REESE, Presiding Judge.

In 2011, a jury found Gerrell Collins guilty of aggravated child molestation, in violation of OCGA § 16-6-4 (c), and false imprisonment, in violation of OCGA § 16-5-41. The trial court sentenced Collins to concurrent sentences of 25 years' imprisonment for aggravated child molestation and 10 years' imprisonment for false imprisonment. We affirmed his convictions on direct appeal.[1] In 2019, Collins filed a motion to modify his sentence. The trial court dismissed the motion, finding that the motion was untimely. Collins now appeals from that order.

---

[1] See *Collins v. State*, Case No. A14A2112 (decided October 21, 2014) (unpublished).

Neither the written judgment of conviction nor the oral pronouncement at sentencing included a term of probation. That lapse renders his sentences void for failing to comply with the split sentence requirements of former OCGA § 17-10-6.2 (b) and by OCGA § 16-6-4 (d) (1). Accordingly, for the reasons set forth infra, we vacate Collins's sentences and remand for resentencing.

1. Under the version of OCGA § 17-10-6.2 (b) in effect at the time of Collins's offenses and conviction, after a conviction for false imprisonment where the victim was less than 14 years old, the trial court must impose a split sentence constituting a mandatory term of imprisonment plus "an additional probated sentence of at least one year."[2] Under OCGA § 16-6-4 (d) (1), after a conviction for aggravated child molestation, the trial court must impose a sentence of "imprisonment for life or by a

---

[2] The current version of OCGA § 17-10-6.2 (b), as amended in 2017, includes the following highlighted language:

> No portion of the mandatory minimum sentence imposed shall be suspended, stayed, probated, deferred, or withheld by the court. Any such sentence shall include, in addition to the mandatory term of imprisonment, an additional probated sentence of at least one year; *provided, however, that when a court imposes consecutive sentences for sexual offenses, the requirement that the court impose a probated sentence of at least one year shall only apply to the final consecutive sentence imposed.*

(Emphasis supplied.) See Ga. L. 2017, p. 489, § 5.

2

split sentence that is a term of imprisonment for not less than 25 years and not exceeding life imprisonment, followed by probation for life[.]"

"A sentence that does not comply with the . . . split-sentence requirement is void."[3] Although Collins did not directly raise this void sentence issue in his motion to modify sentence or his brief on appeal, "we may consider this issue sua sponte because, if the trial court erred in this respect, the sentence imposed would be void."[4] That is because "[w]e are required to correct a void sentence . . . and its illegality may not be waived."[5]

Collins's sentence for false imprisonment did not include a probated sentence of at least one year and his sentence for aggravated child molestation did not include a term of probation of life. Those sentences are thus void.[6]

---

[3] *Hood v. State*, 343 Ga. App. 230, 234 (1) (807 SE2d 10) (2017) (citation and punctuation omitted).

[4] *Owens v. State*, 353 Ga. App. 848, 854 (2) (d) (840 SE2d 70) (2020).

[5] *Hood*, 343 Ga. App. at 234 (1) (citation and punctuation omitted); see also *Nazario v. State*, 293 Ga. 480, 485-486 (2) (b) (746 SE2d 109) (2013) (holding that, in the context of evaluating a merger claim, a reviewing court should vacate an illegal sentence even if the error was not raised in the trial court or on appeal).

[6] See *Whitelock v. State*, 349 Ga. App. 28, 43 (4) (b) (825 SE2d 426) (2019).

We note that, in 2018, Collins filed a motion to vacate a void sentence, arguing that his false imprisonment conviction was void under OCGA § 17-10-6.2. The trial court denied the motion, finding that it sentenced him to life probation, and Collins did not appeal that order. As noted above, Collins's sentence did not include a term of life probation. Additionally, former OCGA § 17-10-6.2 requires a split sentence on each sexual offense conviction.[7]

Accordingly, for the reasons stated above, we vacate the dismissal of Collins's motion to modify sentence, and remand for resentencing.

2. Given our disposition in Division 1, we need not address Collins's remaining arguments regarding his sentence.[8]

*Judgment vacated and case remanded for resentencing. Markle and Colvin, JJ., concur*.

---

[7] See *State v. Riggs*, 301 Ga. 63, 74 (2) (b) (799 SE2d 770) (2017). See also supra, n. 2.

[8] See *McClendon v. State*, 318 Ga. App. 676, 682 (2) (734 SE2d 505) (2012).