## S98A0816. JERSAWITZ v. RILEY.

(500 SE2d 579)

CARLEY, Justice.

Jack Jersawitz was charged with criminal trespass and his case was eventually assigned to Judge Yvette Miller of the State Court of Fulton County. Jersawitz filed a motion to recuse Judge Miller and the entire Fulton County judiciary. Pursuant to OCGA § 15-1-9.1, Chief Judge Carnes of the State Court of Fulton County designated Judge Riley, an Atlanta Municipal Court judge, to assist the State Court of Fulton County by hearing the motion to recuse and, if the motion was granted, by convening a trial on the criminal trespass charge. However, Judge Riley referred the motion to recuse to the district administrative judge of another judicial district, who appointed Judge McConnell to hear that motion. Judge McConnell denied the motion to recuse Judge Miller and concluded that the motion to recuse the entire Fulton County judiciary was moot, "with all sides believing the case would return to Judge Yvette Miller." Although the motion to recuse Judge Miller was denied, Judge Riley immediately ascended the bench and announced his intention to proceed to Jersawitz's trial. Jersawitz filed an emergency motion for writ of prohibition to prevent Judge Riley from presiding over the case. This motion was denied, and Jersawitz appeals.

The writ of prohibition is available only where there is a lack of jurisdiction over the subject matter, or where the act complained of was in excess of the court's jurisdiction. *Henry v. James*, 264 Ga. 527, 532 (2) (449 SE2d 79) (1994); *Strickland v. State*, 258 Ga. 764, 766 (2) (373 SE2d 736) (1988); *Almand v. Brock*, 227 Ga. 586, 587 (182 SE2d 97) (1971). There is no question that the State Court of Fulton County has subject matter jurisdiction over Jersawitz's criminal trespass case. Upon being designated by Chief Judge Carnes, Judge Riley was "vested with the ability to discharge all duties and exercise all powers and authority" of the State Court of Fulton County, although the designation did not make him a judge of that court. Ga. Const. of 1983, Art. VI, Sec. I, Par. III; OCGA § 15-1-9.1; *Massey v. State*, 265 Ga. 632, 633-634 (2) (458 SE2d 818) (1995). As a member of the Fulton County judiciary, Chief Judge Carnes was a subject of the motion to recuse, but he was not prohibited from referring the motion to recuse to Judge Riley and reassigning the case to him, if the allegations respecting the entire Fulton County judiciary were not sufficient to support the motion or warrant further proceedings. Uniform State Court Rules 25.2, 25.3. Compare Rule 25.5. Thus, by designating Judge Riley, Chief Judge Carnes implicitly found the allegations against the entire Fulton County judiciary to be insufficient. Judge Riley never was subject to the motion to recuse because his designation to assist the State Court of Fulton County did not make him a

judge of that court. *Massey v. State*, supra at 633 (2). Thus, in effect, Jersawitz has achieved what he desired by his motion to recuse. His criminal case will not be heard by Judge Miller or by any judge of the State Court of Fulton County.

Furthermore, the writ of prohibition " 'is not generally available for the relief of grievances which may be redressed in the ordinary course of judicial proceedings. . . .' [Cit.]" *Henry v. James*, supra at 532 (2). See also *Shantha v. Municipal Court of City of Atlanta*, 240 Ga. 280, 281 (240 SE2d 32) (1977). "The writ of prohibition cannot be invoked merely because the usual and ordinary remedy is indirect and inconvenient; and the writ should be granted only when it is apparent that the rights of the applicant cannot be adjudicated by any other remedy." *Jackson v. Calhoun*, 156 Ga. 756, 757 (b) (120 SE 114) (1923). If a writ of prohibition is denied, it must be presumed that Jersawitz's case will be legally tried and reach its proper conclusion. *Jackson v. Calhoun*, supra at 757 (c), 760. If not, Jersawitz will have an adequate remedy by pursuing an appeal in which he may enumerate as error the ruling on his motion to recuse and the reassignment of his case to Judge Riley. *Jackson v. Calhoun*, supra. See also *Turner v. Mayor of Forsyth*, 78 Ga. 683, 684 (4) (1887). Since Jersawitz will have an adequate remedy by appealing from any judgment of conviction, he was not entitled to the issuance of a writ of prohibition to prevent Judge Riley from presiding over the trial. *Wright v. Wood*, 178 Ga. 273, 274 (3) (173 SE 138) (1934).

*Judgment affirmed. All the Justices concur, except Sears, J., who concurs in the judgment only.*

DECIDED MAY 26, 1998 —
RECONSIDERATION DENIED JUNE 26, 1998.

Jack Jersawitz, *pro se.*
*Linda T. Walker, Elizabeth F. Allen,* for appellee.