S02A1736. BENEFIELD v. STATE OF GEORGIA ex rel. BAKER et al.

(575 SE2d 453)

CARLEY, Justice.

The dispositive issue in this case is whether Appellant, Superior Court Judge Deborah C. Benefield, lacked subject matter jurisdiction to rule on the constitutionality of OCGA § 17-10-6, which creates the three-judge Sentence Review Panel (Panel). That jurisdictional issue arises out of the criminal prosecution of Ted Griffin. A jury in Clayton County found him guilty of several offenses, including aggravated assault and false imprisonment. As the presiding trial judge, Judge Benefield imposed concurrent sentences of 20 and 10 years respectively, and the Court of Appeals affirmed. *Griffin v. State*, 241 Ga. App. 783 (527 SE2d 577) (2000).

Griffin then sought sentence review. Initially, the Panel ordered him to serve only a 5-year concurrent term in prison for each offense, with the respective 15-year and 5-year balances to be served on probation. However, Judge Benefield wrote to the Panel and, citing *Warren v. State*, 204 Ga. App. 191 (418 SE2d 783) (1992), questioned its authority to allow Griffin to serve any portion of the sentences on probation. In response, the Panel entered a new order which simply reduced the sentence for each crime to a 5-year term of imprisonment.

Appellant then entered an order in Griffin's criminal case enjoining the Department of Corrections (Department) and the Board of Pardons and Paroles (Board) from further enforcement of the Panel's reduction of the sentences until such time as she could conduct a hearing on "the legality and binding authority of that decision." The District Attorney subsequently filed a motion asking her to declare OCGA § 17-10-6 unconstitutional. After conducting a hearing, Judge Benefield concluded that the Panel lacked any statutory authority over concurrent sentences of less than 12 years and, consequently, that its reduction of Griffin's 10-year sentence for false imprisonment was void. However, she also went further, holding that OCGA § 17-10-6 is unconstitutional and that the decision of the Panel was "without legal effect to modify, replace, or reduce [the]

legal sentence[s]" she had originally imposed.

Griffin filed, but subsequently dismissed, a notice of appeal from the order entered by Judge Benefield in his criminal case. Acting separately, Attorney General Baker and the members of the Department and of the Board (Appellees) brought this action seeking a writ of prohibition against enforcement of the order. After conducting a hearing, the trial court concluded that Appellant lacked subject matter jurisdiction to address the constitutionality of OCGA § 17-10-6 and granted the writ of prohibition as to enforcement of that portion of the order which held the statute unconstitutional. She appeals from that partial grant of the writ of prohibition.

1. Appellant asserts that, for numerous reasons, prohibition was not an available remedy. Appellees were not parties to Griffin's appeal, but they nevertheless were presented with the question of whether, in carrying out their official duties in connection with the enforcement of his sentences, they were obligated to follow the decision of the Panel or the order of Judge Benefield. We conclude that, under the circumstances, Appellees were authorized to petition for a writ of prohibition on the ground that Appellant lacked jurisdiction to address the constitutionality of the Panel in the context of Griffin's criminal case. See generally *Jersawitz v. Eldridge*, 262 Ga. 19 (413 SE2d 725) (1992).

2. A trial court loses subject matter jurisdiction over the issue of punishment at the end of the term at which the defendant was convicted and sentenced, unless the sentence originally imposed was void. *Sledge v. State*, 245 Ga. App. 488 (537 SE2d 753) (2000); *Lombardo v. State*, 244 Ga. App. 885, 890 (1), fn. 15 (537 SE2d 143) (2000); *Syms v. State*, 244 Ga. App. 21 (534 SE2d 502) (2000). The sentences that Judge Benefield initially imposed on Griffin were not void and, in fact, were affirmed on appeal long after the term during which they were imposed. *Griffin v. State*, supra. Thus, subject matter jurisdiction over the issue of his punishment passed to the Court of Appeals, and Appellant's remaining authority was strictly limited to adopting the judgment of the Court of Appeals. See *Shepherd v. Shepherd*, 243 Ga. 253 (253 SE2d 696) (1979); *Akins v. State*, 237 Ga. 826 (229 SE2d 645) (1976). Upon the affirmance of Griffin's sentences, all subject matter jurisdiction in that regard passed from the Court of Appeals and became invested exclusively in the Panel, rather than in Judge Benefield. See *Worley v. State*, 265 Ga. 251, 253 (2), fn. 5 (454 SE2d 461) (1995).

"[A]ny order issued by the [P]anel reducing or refusing to reduce any sentence covered by an application shall be binding on the defendant and the superior court which imposed the sentence." (Emphasis supplied.) OCGA § 17-10-6 (d). Thus, as long as the sentence is one which is otherwise "covered by an application," a Panel

decision is totally insulated from a trial court's claim of reinvested subject matter jurisdiction over the question of punishment. OCGA § 17-10-6 (a) enumerates those sentences which are subject to a defendant's request for Panel review. That provision specifies that,

> [i]n any case, except cases in which the death penalty is imposed or cases involving a serious violent felony as defined in subsection (a) of Code Section 17-10-6.1, in which a sentence of 12 or more years, or several consecutive sentences which total 12 or more years, has been fixed and imposed by a judge, without a jury, the defendant shall have the right to have the sentence or sentences reviewed by a panel of three superior court judges to determine whether the sentence or sentences so imposed are excessively harsh.

Therefore, under OCGA § 17-10-6 (d), Judge Benefield's subject matter jurisdiction was strictly limited to determining whether the sentences for which Griffin had sought review were among those which the Panel was statutorily authorized to reduce. See *Warren v. State*, supra (under applicable statutes, Panel has no original probationary authority over unprobated sentences); *Davenport v. State*, 155 Ga. App. 388 (271 SE2d 34) (1980) (Panel's statutory authority extends to modification of initially probated sentences).

Under OCGA § 17-10-6 (a), a defendant cannot apply for reduction of a non-consecutive sentence of less than 12 years and, consequently, the Panel did not have jurisdiction to consider Griffin's request for a reduction in such a sentence. Thus, Judge Benefield correctly held that the Panel lacked the statutory authority to reduce Griffin's 10-year sentence for false imprisonment to 5 years. See *Warren v. State*, supra; *Davenport v. State*, supra. In the context of Griffin's criminal case, however, OCGA § 17-10-6 (d) forecloses Appellant's exercise of subject matter jurisdiction over any other issue related to the Panel's decision, including the underlying constitutionality of the statute which created that entity. Therefore, the trial court correctly granted a writ of prohibition as to that portion of Judge Benefield's order holding OCGA § 17-10-6 unconstitutional. See generally *Jersawitz v. Eldridge*, supra.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 13, 2003.

*Deborah C. Benefield*, pro se.
*Thurbert E. Baker, Attorney General, Mary Beth Westmoreland,*

*Deputy Attorney General, Jeffrey L. Milsteen, Christopher S. Brasher, Assistant Attorneys General, Christopher G. Nicholson,* for appellee.