S03A1425. KECK v. HARRIS.
(594 SE2d 367)

THOMPSON, Justice.

Appellant Richard Paul Keck brought a complaint for modification of child support and visitation, and in connection therewith sought a determination from the trial court that Georgia's Child Support Guidelines, OCGA § 19-6-15, is invalid under the Supremacy Clause of the United States Constitution, U. S. Const., Art. VI. The case is before the Court from the grant of discretionary review of an order upholding the constitutionality of the guidelines on all grounds asserted. We affirm.

1. The trial court's order does not constitute a final judgment, as the claim for modification remains pending below. OCGA § 5-6-34 (a) (1). The trial court denied Keck's "motion to declare Georgia's child support guidelines unconstitutional" and also denied a motion for reconsideration. A motion to declare a statute unconstitutional is an appropriate means of raising that issue. See *Ward v. McFall*, 277 Ga.

649 (593 SE2d 340) (2004); *Dill v. Dill*, 232 Ga. 231 (206 SE2d 6) (1974). However, an interlocutory order denying such a motion is appealable only when the trial court issues a certificate of immediate review and this Court grants an interlocutory appeal pursuant to OCGA § 5-6-34 (b). See *Ward v. McFall*, supra; *Dill v. Dill*, supra; *Lane v. Morrison*, 226 Ga. 526, 527 (175 SE2d 830) (1970).

The trial court purported to certify its order as final pursuant to OCGA § 9-11-54 (b). For that subsection of the Civil Practice Act to apply, however, the order

> must be a "judgment" in the sense that it is a decision upon a cognizable claim for relief, and it must be "final" in the sense that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." [Cit.]

*Curtiss-Wright Corp. v. General Elec. Co.*, 446 U. S. 1, 7 (100 SC 1460, 64 LE2d 1) (1980) (construing the identical provisions of Federal Rule of Civil Procedure 54 (b)). "An order on a collateral issue such as the manner of the adjudication of the claims cannot be a judgment under" OCGA § 9-11-54 (b). 10 Moore's Federal Practice, § 54.22 (2) (a) (ii) (3rd ed.). The trial court's order here did not dispose of any claim, but only determined that Keck's single claim for modification would be resolved in accordance with OCGA § 19-6-15. See *Ga. Farm &c. Ins. Co. v. Wall*, 242 Ga. 176, 177 (1) (249 SE2d 588) (1978).

"In cases such as this, however, where the trial court erroneously enters a certification pursuant to [OCGA § 9-11-54 (b)], this court may treat the certification as one entered pursuant to [OCGA § 5-6-34 (b)]." *Ga. Farm &c. Ins. Co. v. Wall*, supra at 177 (1). See also *Horne v. Drachman*, 247 Ga. 802, 807 (5), fn. 3 (280 SE2d 338) (1981). "Because in such cases the cause will have been treated by the trial court and the parties as an appeal from a final judgment, the time limitation imposed by [OCGA § 5-6-34 (b)] on the parties and this court will not be applicable." *Ga. Farm &c. Ins. Co. v. Wall*, supra at 177 (1), fn. 3. The trial court having certified its order and this Court having granted Keck's application for a discretionary appeal under OCGA § 5-6-35, we will treat this case as a granted interlocutory appeal and proceed to a consideration of the merits of the constitutional issue. See *Ga. Farm &c. Ins. Co. v. Wall*, supra at 177 (1); *Horne v. Drachman*, supra. Compare *Bailey v. Bailey*, 266 Ga. 832 (471 SE2d 213) (1996) (where the trial court does not enter any certification of its interlocutory order, the failure to comply with the procedures of OCGA § 5-6-34 (b), which consist of the certificate of immediate review and time limitations, requires dismissal of the appeal).

2. The majority of the constitutional arguments advanced by Keck were considered by this Court in *Ward v. McFall*, supra, in which we held that OCGA § 19-6-15 does "not frustrate the stated congressional purpose, and that the statute is not unconstitutional under the Supremacy Clause."

To the extent that Keck asserts the statute does not comply with the federal mandates in other respects, his arguments fail.[1] Specifically, he claims that the statute violates 42 USC § 667 (b) (2), which requires the establishment of a rebuttable presumption for the award of child support, and requires written findings that the application of the guidelines would be unjust in a particular case; and that Georgia's Commission on Child Support failed to comply with 42 USC § 667 (a) which requires that the guidelines be reviewed every four years to ensure that they result in appropriate amounts of child support, and 45 CFR § 302.56 (c) (2) which requires that state guidelines "[b]e based on descriptive and numeric criteria and result in a computation of the support obligation." In *Ward*, supra, we noted that "[i]f Georgia has not reviewed its guidelines in the exact manner stated in 45 CFR § 302.56 (h), it does not 'do major damage' to that federal interest." (Footnote omitted.) *Ward*, supra at 652 (2), quoting *Rose v. Rose*, 481 U. S. 619, 625 (107 SC 2029, 95 LE2d 599) (1987) ("Before a state law governing domestic relations will be overridden, it must do major damage to clear and substantial federal interests." (Citations and punctuation omitted.)) In addition, as noted in *Ward*, supra at 653, because Georgia's plan and amendments thereto have been approved by the United States Secretary of Health and Human Services as being in conformity with the federal statutory scheme, "we will defer to that determination." Keck has not demonstrated to this Court that OCGA § 19-6-15 violates the Supremacy Clause for any of the reasons advanced.

*Judgment affirmed. All the Justices concur, except Hunstein, J., who is disqualified.*

DECIDED MARCH 22, 2004.

*Daryl G. Lecroy, Browning & Tanksley, Thomas J. Browning*, for appellant.

*Huff, Woods & Hamby, Jeffrey D. Hamby, Dupree, Poole & King,*

---

[1] Keck acknowledges that OCGA § 19-6-15 has been upheld against challenges on due process, equal protection, and privacy grounds. See *Ga. Dept. of Human Resources v. Sweat*, 276 Ga. 627 (580 SE2d 206) (2003).

*Hylton B. Dupree, Jr., Patrick N. Millsaps, Thurbert E. Baker, Attorney General*, for appellee.