S06A0035. MOSELEY v. SENTENCE REVIEW PANEL et al.
(631 SE2d 704)

CARLEY, Justice.

This case was precipitated by the prosecution of Sandra Widner for murder and possession of a firearm during the commission of a crime. J. Brown Moseley, who was the District Attorney of the South Georgia Judicial Circuit at that time, entered into a plea agreement with Ms. Widner. Pursuant to that agreement, she pled guilty to voluntary manslaughter in exchange for a 15-year sentence. Thereafter, Ms. Widner filed a petition with the Georgia Sentence Review Panel (Panel) and sought a reduction in her sentence. Notwithstanding her plea bargain with Moseley, the Panel reduced her sentence to eight years.

Moseley brought this action against the Panel, its members and other officials, seeking mandamus and injunctive relief. The gravamen of the complaint was the constitutionality of the Panel's authority to review and reduce sentences imposed on certain criminal defendants by the trial courts of this state. See OCGA § 17-10-6 (a). After conducting a hearing, the trial court granted the Panel's motion to dismiss, concluding that Moseley lacked standing because, in his capacity as the district attorney, he is only authorized to recommend a sentence to be imposed at the discretion of the trial court and, thus, has no interest at stake when the Panel reduces a sentence imposed against a defendant whom he has prosecuted. Moseley brought this appeal from that order of the trial court, but he retired prior to the docketing of the case in this Court. The current district attorney of the South Georgia Judicial Circuit has appeared as his counsel of record on the appeal.

1. Moseley contends that he has standing under OCGA § 9-6-24 to challenge the constitutionality of the Panel. However, that provision relates to standing to seek mandamus relief. The purpose of a writ of mandamus is "to compel a due performance [of an official duty], if there is no other specific legal remedy for the legal rights." OCGA § 9-6-20. OCGA § 9-6-24 confers standing to seek the writ in those cases wherein the defendant owes a public duty which the plaintiff, as a member of the public, is entitled to have enforced. *Adams v. Ga. Dept. of Corrections*, 274 Ga. 461 (553 SE2d 798) (2001). Under that provision, Moseley could certainly have sought to compel the Panel to perform the public duties that the General Assembly has

conferred upon it. However, he actually sought the converse. Moseley's objective was to prevent the Panel from performing its official duties, based on a determination that the legislation pursuant to which it acts is unconstitutional. He has not cited, and we have not discovered, any authority for the proposition that the Panel has a public duty, enforceable by means of a writ of mandamus, to initiate and pursue litigation which challenges the constitutionality of its statutory authority to reduce certain criminal sentences.

Because Moseley's complaint does not seek enforcement of the Panel's performance of its public duties, but challenges the validity of the public duties that the General Assembly has authorized it to exercise, the trial court correctly found that he lacked standing under OCGA § 9-6-24 to attack the constitutionality of OCGA § 17-10-6 by means of mandamus.

2. However, Moseley's complaint was not limited to seeking mandamus relief against the Panel. He sought injunctive relief as well. The complaint alleges that

> [b]ecause OCGA § 17-10-6 creates a legislative body that interferes with and assumes the function of Georgia's judicial branch of government, this Code section is unconstitutional and violates Georgia's separation of powers doctrine.

One of the grounds stated in the complaint for issuance of an injunction is that

> [b]ecause OCGA § 17-10-6 unconstitutionally provides the Panel with authority to reduce sentences and since the Panel's arbitrary sentence reduction actions have impaired [Moseley's] discretion in carrying out his official duties, [he] seeks to enjoin the Panel from reviewing any sentence from the South Georgia Judicial Circuit.

The complaint must be construed liberally and in favor of Moseley. *Cotton v. Federal Land Bank of Columbia*, 246 Ga. 188, 191 (269 SE2d 422) (1980). When the pleading is given the proper construction, it is apparent that Moseley sought, in his own former official capacity, an injunction against enforcement of OCGA § 17-10-6, which he alleges to be unconstitutional. See *DeKalb County v. Post Properties*, 245 Ga. 214, 218 (1) (263 SE2d 905) (1980) (noting that "the technicalities involved in raising constitutional questions have been relaxed" and setting forth the " 'three things [that] must be shown' "). Thus, the constitutionality of the statute was raised in this case.

With regard to Moseley's standing, in his official capacity, to challenge the constitutionality of the statute, he was the state's

counsel in all criminal cases or matters pending in his circuit. *King v. State*, 246 Ga. 386, 389 (7) (271 SE2d 630) (1980). In that capacity, he was authorized to challenge void or improper sentences. See OCGA § 5-7-1 (a) (5); *State v. Jones*, 265 Ga. App. 493 (1) (594 SE2d 706) (2004). "[T]he district attorney is more than an advocate for one party and has additional professional responsibilities as a public prosecutor to make decisions in the public's interest. [Cit.]" *State v. Wooten*, 273 Ga. 529, 531 (2) (543 SE2d 721) (2001). "The judicial branch doubtless invades the legislative field more frequently than does the legislative branch the judicial field, but it is the duty of each to zealously protect its function from invasion of the others." *McCutcheon v. Smith*, 199 Ga. 685, 691 (2) (35 SE2d 144) (1945). Thus, included among Moseley's official responsibilities was the obligation to challenge, on constitutional grounds, a statute which allegedly interfered with his authority as a judicial officer to negotiate binding plea agreements in criminal cases in his circuit and which he contended authorizes the imposition of void and improper sentences against those convicted of committing crimes in that jurisdiction.

> In discharging the duty imposed upon [Moseley] by law, if in his judgment the original sentence imposed on the defendant was valid and the resentence was invalid, it is entirely appropriate for him on behalf of the people of the state to challenge the constitutionality of the statute authorizing the resentence.

*State v. Nardini*, 445 A2d 304, 308 (I) (B) (Conn. 1982). "[T]his court has zealously protected each of the three branches of the government from invasion of its functions by the others whenever it has had the opportunity." *Parks v. State*, 212 Ga. 433, 436 (3) (93 SE2d 663) (1956). Therefore, Moseley had standing to challenge the constitutionality of OCGA § 17-10-6 and to seek injunctive relief against enforcement of its provisions.

*Benefield v. State of Ga.*, 276 Ga. 100 (575 SE2d 453) (2003) does not support a contrary holding. There, the trial judge entered an order in the underlying criminal case, holding that OCGA § 17-10-6 was unconstitutional "and that the decision of the Panel was 'without legal effect to modify, replace, or reduce (the) legal sentence(s)' she had originally imposed." *Benefield v. State of Ga.*, supra at 100-101. However, this Court held that, "as long as the sentence is one which is otherwise 'covered by an application,' a Panel decision is totally insulated from a trial court's claim of reinvested subject matter jurisdiction over the question of punishment." *Benefield v. State of Ga.*, supra at 101-102 (2). In contrast, this case does not involve a trial court's claim of reinvested subject matter jurisdiction over a criminal

defendant's sentence. Instead, the preliminary issue is Moseley's standing, in his former official capacity as a district attorney, to initiate a separate and independent challenge to the constitutionality of OCGA § 17-10-6. No statute can be insulated from an attack on its constitutionality so long as the action is filed in a court with subject matter jurisdiction and is brought by a challenger with standing. Clearly, the trial court in this case had subject matter jurisdiction over Moseley's complaint for injunctive relief and, for the reasons previously discussed, he had standing to assert the constitutional challenge.

The dissent contends that Moseley's standing as the district attorney to raise a direct constitutional challenge to OCGA § 17-10-6 was neither enumerated as error nor argued in his brief. However, Moseley's enumeration asserts that "[t]he trial court erred in granting [the Panel's] motion to dismiss and denying [his] petition for mandamus and *injunctive relief*." (Emphasis supplied.)

> The correct rule with respect to the legal sufficiency of an enumeration of error is that it "need be only sufficient to point out the error complained of. . . ." [Cit.] "(T)he subject matter need be indicated only in the most general way", ([cit.]), and if the error asserted is properly supported, as provided by the rules of the appellate court, it should be considered on the merits.

*Adams-Cates Co. v. Marler*, 235 Ga. 606 (221 SE2d 30) (1975). Applying this standard, the issue of Moseley's standing as the district attorney to seek injunctive relief against enforcement of the allegedly unconstitutional statute is obviously within the ambit of his enumeration of error.

Insofar as Moseley's argument is concerned, his brief does cite OCGA § 9-6-24,

> which is found under the Chapter of the Code dealing with mandamus, and was codified following the ruling made by this court in [a] mandamus case . . . ; but the principle there announced is not confined to mandamus cases. It will be noted that this Code section . . . leaves it as *a general rule applicable in all instances where the question is one of public right and the object is to procure the enforcement of a public duty*. (Emphasis supplied.)

*Head v. Browning*, 215 Ga. 263, 266 (2) (109 SE2d 798) (1959). Thus, even though OCGA § 9-6-24 is itself applicable only in mandamus cases, the legal principle set forth therein applies equally when

determining standing in other contexts. In his brief, p. 12, Moseley asserts generally that he "has standing to challenge the authority of the Panel . . . because [it is] discharging duties involving questions of public right, i.e., the enforcement of lawfully imposed sentences of our constitutionally elected, local trial judges." Clearly, this is an invocation of the legal principle set forth in OCGA § 9-6-24, as the authority for Moseley to defend the sentences imposed by the trial courts in his circuit from reduction pursuant to the allegedly unconstitutional OCGA § 17-10-6.

Accordingly, contrary to the dissent, the issue of Moseley's standing to bring a direct challenge to the constitutionality of the statute was enumerated as error and was argued in his brief. We must, therefore, consider the merits of the ruling on that issue and, having done so, we conclude that the trial court erred in finding that he lacked the requisite standing.

3. After concluding that Moseley lacked standing, the trial court stated that, "[m]oreover, extending this rationale," the system of checks and balances established by the separation of powers clause found in Art. I, Sec. II, Par. III of our state constitution does "not prevent the legislative branch from calling upon the judicial branch to meet the goal of uniform sentencing."

While that may be true, the dispositive issue in this case is whether the specific legislation that was enacted by the General Assembly to meet that goal is constitutional. OCGA § 17-10-6 does not simply create a commission with the authority to promulgate sentencing guidelines which are then to be applied by the courts of this state. Compare *Mistretta v. United States*, 488 U. S. 361 (109 SC 647, 102 LE2d 714) (1989) (discussing the constitutionality of the Federal Sentencing Commission). The statute creates a three-judge panel with "authority to issue an order reducing the sentence originally imposed by the trial judge." OCGA § 17-10-6 (c). Whether that legislative grant of judicial authority is constitutional under the separation of powers clause, as well as the exclusivity clause of Art. VI, Sec. I, Par. I of the Ga. Constitution of 1983, is an important question.

It is unclear whether the trial court, having perhaps been influenced by its erroneous conclusion that Moseley lacked standing to challenge the constitutionality of OCGA § 17-10-6, gave that question the appropriate consideration that is required. Accordingly, we reverse that portion of the judgment denying injunctive relief and remand the case for further proceedings not inconsistent with this opinion.

*Judgment affirmed in part and reversed in part and case remanded with direction. All the Justices concur, except Huntstein, P. J., and Benham, J., who concur in part and dissent in part.*

HUNSTEIN, Presiding Justice, concurring in part and dissenting in part.

Although I agree with the majority opinion insofar as it holds that Moseley did not have standing to seek to compel appellees to initiate legal action challenging the constitutionality of the Panel's sentence reduction authority under OCGA § 17-10-6, I cannot agree that Moseley has standing to seek an injunction against enforcement of OCGA § 17-10-6. A review of the record and pleadings in this case demonstrates that Moseley did not seek to directly challenge OCGA § 17-10-6 and even if he had, the issue of his standing to raise such a challenge is not properly before this Court.

Purporting to liberally construe the complaint, the majority holds that "Moseley sought, in his own former official capacity, an injunction against enforcement of OCGA § 17-10-6, which he alleges to be unconstitutional," and that Moseley had standing to pursue such an action "in his own former official capacity." A review of the complaint reveals, however, that while it may be apparent that Moseley's ultimate goal in the underlying action was to obtain a judicial ruling that OCGA § 17-10-6 is unconstitutional, he sought to obtain such a determination *not* by filing his own legal challenge to the statute as intimated by the majority, but by seeking to compel appellees to initiate such legal action or, in the alternative, to enjoin appellees from enforcing the statute without first seeking such a determination. Thus, Moseley did not seek direct relief; he sought to force appellees to initiate legal action to determine the constitutionality of OCGA § 17-10-6, either through injunctive or mandamus relief.[1] Because the majority's "liberal construction" of the complaint results in the substantial rewriting of the complaint and the relief sought therein, I must dissent.

Even assuming Moseley sought to directly challenge the constitutionality of OCGA § 17-10-6 and that the trial court ruled on his standing to assert such a claim, I further dissent because Moseley has not challenged that ruling on appeal. Consistent with his pleadings in the trial court, Moseley claimed in his appeal that he had standing under OCGA § 9-6-24 as a citizen seeking to compel enforcement of a public duty involving a public right. He did not enumerate as error the trial court's determination that he was without standing as the district attorney to challenge the constitutionality of OCGA § 17-10-6 and his briefs are devoid of any argument or citation to authority on that issue. Under this Court's own rules, therefore, the issue of

---

[1] Indeed, Moseley alleged in his complaint that "since there is no other means of reviewing the constitutionality of the Panel's authority under OCGA § 17-10-6 and the [appellees'] future conduct has been brought into question by the Panel's actions . . . [appellees] have a duty to resolve this controversy via judicial action."

Moseley's standing to directly challenge OCGA § 17-10-6 was abandoned. Supreme Court Rule 22.

I am authorized to state that Justice Benham joins in this opinion.

DECIDED JUNE 26, 2006.

*Hall, Booth, Smith & Slover, J. Brown Moseley,* for appellant.
*Joseph K. Mulholland, District Attorney, Thurbert E. Baker, Attorney General, Christopher S. Brasher, Nicholas G. Dumich, Marla-Deen Brooks, Assistant Attorneys General, Gray, Hedrick & Edenfield, Bruce M. Edenfield, Susan L. Rutherford,* for appellees.
*Charles C. Olson,* amicus curiae.