S08A1060. MAGISTRATE COURT OF DEKALB COUNTY et al. v. FLEMING.

(667 SE2d 356)

HUNSTEIN, Presiding Justice.

Gwendolyn Keyes Fleming, District Attorney for the Stone Mountain Judicial Circuit, filed a petition for mandamus and prohibition against the DeKalb County Magistrate Court[1] and selected magistrate judges (collectively, "DCMC") on July 2, 2007, challenging DCMC's alleged policy of finding hearsay evidence alone insufficient to establish probable cause at preliminary hearings.[2] The

---

[1] We note that mandamus is a personal action against a public officer, not against the office, *Hall v. Nelson*, 282 Ga. 441 (4) (651 SE2d 72) (2007), and that prohibition is the counterpart of mandamus. OCGA § 9-6-40.

[2] Although Fleming's petition set forth facts pertaining to a May 2007 case in which charges were dismissed by DCMC because only hearsay evidence was presented at the

Rockdale County superior court judge to whom the action was assigned held a hearing on October 9, 2007 and entered an order on January 8, 2008, finding that "at a preliminary hearing a magistrate judge does not have the discretion to refuse to admit hearsay evidence or to require evidence in addition to hearsay evidence, if such hearsay evidence by itself establishes probable cause." The order directed that a final judgment be entered as to this finding pursuant to OCGA § 9-11-54 (b), but the issue of a remedy was held in abeyance for six months to allow DCMC to pursue a new policy in voluntary compliance with the order. DCMC's notice of appeal from this order was filed on January 31, 2008.[3]

The dismissal of charges by a magistrate judge at a preliminary hearing is not subject to challenge by the State.[4] See OCGA § 5-7-1 et seq. (authorizing appeal and certiorari by State in criminal cases only under specified circumstances); State v. Ware, 282 Ga. 676, 677 (653 SE2d 21) (2007) (statute must be strictly construed against State). Here, the State, in the person of the District Attorney, has attempted to avoid this restriction by attacking the alleged DCMC policy resulting in such dismissals through the device of a writ of mandamus and prohibition. See Howard v. Lane, 276 Ga. 688, 689 (581 SE2d 1) (2003). However, as the underlying subject matter concerns rulings allegedly made in criminal prosecutions, and from which the State has no ability to appeal, the trial court erred by considering the petition for mandamus and prohibition, id., and its ruling thereon must be reversed.[5]

Any attempt to recast Fleming's action as one for a declaratory judgment is belied by the substance of the pleadings. Rather than merely seeking guidance regarding the proper evidentiary standards for preliminary hearings, Fleming sought an order prohibiting DCMC from applying its hearsay evidentiary rule and mandating that the interpretation of the rule set forth by Fleming be used. This

---

preliminary hearing, no specific dismissal was challenged. We note that mandamus will not lie to compel a general course of conduct or the performance of continuous duties. Dean v. Gober, 272 Ga. 20 (2) (524 SE2d 722) (1999).

[3] For OCGA § 9-11-54 (b) to apply, the order must be a decision upon a cognizable claim for relief and the ultimate disposition of an individual claim in a multiple claim action. Keck v. Harris, 277 Ga. 667 (1) (594 SE2d 367) (2004). Although the order at issue does not meet this standard, the OCGA § 9-11-54 (b) certification may be treated by this Court as one entered pursuant to OCGA § 5-6-34 (b), i.e., as an interlocutory appeal that has been certified for immediate review. Keck, supra. Accordingly, we hereby grant the application for interlocutory appeal and proceed to consider the propriety of the trial court's ruling. See Ga. Farm Bureau Mut. Ins. Co. v. Wall, 242 Ga. 176 (1) (249 SE2d 588) (1978).

[4] The record indicates that the State filed a petition for writ of certiorari related to this action in the superior court as part of a "three-pronged attack" against the alleged DCMC policy; it appears that the petition was dismissed.

[5] That the matter is before this Court on an appeal ultimately brought by a party other than the State does not require a different result.

is not a declaratory judgment action. Compare OCGA § 9-4-1 (purpose of Declaratory Judgment Act is "to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations") with OCGA § 9-6-20 (mandamus may issue to compel performance) and OCGA § 9-6-40 (prohibition may issue to restrain subordinate court from exceeding its jurisdiction).

The cases cited by the dissent in support of its argument that the trial court properly considered Fleming's claims are not controlling. The State was not a party in either *Smith & Wesson Corp. v. City of Atlanta*, 273 Ga. 431 (543 SE2d 16) (2001) or *Jersawitz v. Riley*, 269 Ga. 546 (500 SE2d 579) (1998), cited for the proposition that the absence of an adequate remedy by appeal is a prerequisite to relief via mandamus or prohibition, and thus its limited right of appeal in criminal matters was not implicated. *Benefield v. State of Ga.*, 276 Ga. 100 (1) (575 SE2d 453) (2003), held that the Attorney General, the Department of Corrections, and the Board of Pardons and Paroles were authorized to petition for prohibition on the ground that the trial judge lacked jurisdiction, which is a basis for appeal specifically granted to the State pursuant to OCGA § 5-7-1 (a) (5); no such basis exists here. The statements referenced in *State v. Morrell*, 281 Ga. 152 (2) (635 SE2d 716) (2006) and *Moseley v. Sentence Review Panel*, 280 Ga. 646 (1) (631 SE2d 704) (2006) are dicta and thus not dispositive of any issue in this case. Finally, and perhaps most importantly, the merits of Fleming's claims for mandamus and prohibition cannot be reached by this Court, as the trial court has yet to rule on these remedies. See *Bush v. State*, 273 Ga. 861 (548 SE2d 302) (2001).

*Judgment reversed. All the Justices concur, except Sears, C. J., and Carley and Melton, JJ., who dissent.*

SEARS, Chief Justice, dissenting.

For the reasons that follow, I agree with the majority's conclusion that the appellee's claims for mandamus and prohibition relief must fail, but I believe that, properly construed, the appellee asserted an appropriate claim for declaratory judgment relief and that the trial court properly granted that relief. Accordingly, I dissent to the majority's reversal of the trial court's judgment.

In substance, the appellee's complaint alleged that the DeKalb County Magistrate Court, as a whole, has adopted an evidentiary policy that hearsay evidence is illegal evidence and is thus alone an insufficient basis on which to find probable cause and bind a case over to superior court, and the appellee sought relief from uncertainty as to her future obligations under that policy. In construing pleadings, it is a fundamental rule that substance, not nomenclature,

controls.[6] We have also held "that the pleadings are not an end in themselves but only a method to assist in reaching the merits of the case. The courts shall construe the pleadings 'as to do substantial justice.' "[7]

Because mandamus and prohibition are personal actions against a public officer and not against an office and because the appellee's complaint asserted a claim against the magistrate court as a whole, I agree with the majority's conclusion that the appellee's claims for mandamus and prohibition relief cannot stand.[8] However, looking to the substance of the appellee's complaint and construing it to do substantial justice, I believe that the appellee asserted a claim for declaratory judgment relief.

The purpose of the Declaratory Judgment Act is " 'to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations.' "[9]

> The superior court is authorized to enter a declaratory judgment upon petition therefor in cases of actual controversy [under OCGA § 9-4-2 (a)], and "to determine and settle by declaration any justiciable controversy of a civil nature where it appears to the court that the ends of justice require that such should be made for the guidance and protection of the petitioner, and when such a declaration will relieve the petitioner from uncertainty and insecurity with respect to his rights, status, and legal relations."[10]

Because the appellee's complaint showed that she faced uncertainty and insecurity as to her ability to rely on hearsay evidence alone as a basis on which to establish probable cause in order to have a case bound over to an appropriate court, I believe that the appellee properly asserted a claim for declaratory relief.

Moreover, the record shows that the trial court properly found that the magistrate court has a policy that precludes the binding of cases over to the appropriate court based on hearsay evidence alone on the ground that hearsay evidence is always illegal evidence. Such an evidentiary policy is contrary to longstanding evidentiary rules

---

[6] *State v. Smith*, 276 Ga. 14, 14-15 (573 SE2d 64) (2002); *Franklyn Gesner Fine Paintings v. Ketcham*, 252 Ga. 537, 539 (314 SE2d 903) (1984).

[7] *Block v. Voyager Life Ins. Co.*, 251 Ga. 162, 163 (303 SE2d 742) (1983) (citations omitted).

[8] *Hall v. Nelson*, 282 Ga. 441, 444 (651 SE2d 72) (2007).

[9] *Baker v. City of Marietta*, 271 Ga. 210, 213 (518 SE2d 879) (1999) (quoting OCGA § 9-4-1).

[10] *Baker*, 271 Ga. at 213-214 (quoting *Calvary &c. Baptist Church v. City of Rome*, 208 Ga. 312, 314 (66 SE2d 726) (1951)).

that hearsay is legal evidence at a preliminary hearing and is, by itself, a sufficient basis on which to bind a case over to the appropriate superior or state court.[11]

Accordingly, the trial court did not err in declaring the appellants' evidentiary policy to be invalid. I therefore dissent to the majority opinion.

CARLEY, Justice, dissenting.

The majority holds that neither a writ of mandamus nor prohibition is available where the District Attorney is attacking an alleged policy of the magistrate court judges in DeKalb County that, when applicable, automatically results in the dismissal of charges at a preliminary hearing. Remarkably, however, the only appellate decision on which the majority relies for this holding dismissed an appeal by the State from an order addressing an ordinary ruling in a specific criminal prosecution. *Howard v. Lane*, 276 Ga. 688 (581 SE2d 1) (2003). In *Howard*, this Court reasoned that the underlying subject matter of the appeal was a particular criminal prosecution and the trial court's ruling therein, and that the State was attempting to avoid the limitations on its right of appeal in OCGA § 5-7-1. In this case, however, the State did not seek review of an ordinary ruling in any specific criminal case, is not the party bringing this appeal, and, therefore, is not attempting to circumvent statutory appellate procedures.

The reason why a writ of prohibition was not available to the State in *Howard* was the attempted circumvention of the appellate procedure for obtaining review of a criminal ruling and not the mere fact that the State had no right of direct appeal from the type of ruling at issue. Indeed, the absence of an adequate remedy by appeal is actually a prerequisite to the viability of an action for mandamus or prohibition. *Smith & Wesson Corp. v. City of Atlanta*, 273 Ga. 431, 433 (1) (543 SE2d 16) (2001); *Jersawitz v. Riley*, 269 Ga. 546, 547 (500 SE2d 579) (1998). Thus, a district attorney is authorized to file a mandamus petition seeking to require the trial court to comply with its duty in a criminal case to put an oral order in writing, even though the State did not have a right to appeal from that oral order. *State v. Morrell*, 281 Ga. 152, 153 (2), (3) (635 SE2d 716) (2006). Furthermore, a district attorney is authorized to seek mandamus relief compelling a group of public officials to perform the duties that

---

[11] *Gresham v. Edwards*, 281 Ga. 881, 882-883 (644 SE2d 122) (2007); *Gerstein v. Pugh*, 420 U. S. 103, 120 (95 SC 854, 43 LE2d 54) (1975); 4 LaFave, Israel, King & Kerr, Criminal Procedure, § 14.4 (b) (3rd ed. 2007). See also *Handley v. Limbaugh*, 224 Ga. 408, 413 (162 SE2d 400) (1968); *Horner v. State*, 257 Ga. App. 12, 14 (570 SE2d 94) (2002) (evidence that is admissible under some exception to the rule prohibiting hearsay has probative value).

the General Assembly has conferred upon them in criminal cases. *Moseley v. Sentence Review Panel*, 280 Ga. 646 (1) (631 SE2d 704) (2006). Similarly, this Court has authorized the Attorney General and other officials to petition for a writ of prohibition against a trial judge on the ground that she exceeded her jurisdiction in the context of a criminal case. *Benefield v. State of Ga.*, 276 Ga. 100, 101 (1) (575 SE2d 453) (2003). *Morrell*, *Moseley*, and *Benefield* are indistinguishable from this case. Those decisions compel the conclusion that the District Attorney was authorized to challenge the alleged magistrate court policy by filing a petition for writ of mandamus or prohibition and was not thereby merely attempting to circumvent OCGA § 5-7-1.

Furthermore, after reviewing the merits of this case, it is my opinion that the trial court was authorized to find that the magistrate court "has a policy or practice wherein probable cause to bind over a defendant to superior court cannot be established solely on hearsay evidence" and that "at a preliminary hearing a magistrate judge does not have the discretion to refuse to admit hearsay evidence or to require evidence in addition to hearsay evidence, if such hearsay evidence by itself establishes probable cause . . . ." See *Gresham v. Edwards*, 281 Ga. 881 (644 SE2d 122) (2007); Uniform Superior Court Rule 26.2 (B) (1); Uniform Magistrate Court Rule 25.2 (C) (1); 4 LaFave, Israel, King & Kerr, *Criminal Procedure*, § 14.4 (b) (3rd ed.). Accordingly, I respectfully dissent to the reversal of the trial court's order.

MELTON, Justice, dissenting.

Because I believe that mandamus was an appropriate remedy in this case, I respectfully dissent.

Here, the trial court found as a matter of fact that magistrate court judges had adopted a court-wide policy dictating that "probable cause to bind over a defendant to superior court cannot be established solely on hearsay evidence." This policy apparently was enacted to bind magistrate judges on all criminal cases coming before that court, thereby preventing these magistrate judges from exercising their discretion, as required by law, to determine whether hearsay evidence established probable cause at a preliminary hearing. Because the rule at the crux of this case was universally applicable to all cases, it cannot be maintained that the District Attorney was merely attempting to circumvent the requirements of OCGA § 5-7-1. Here, the District Attorney is asserting the rights of the State against the magistrate court judges, themselves. This is not the type of situation encompassed by OCGA § 5-7-1.

It is, however, the type of situation which should be subject to a mandamus action.

> Generally, mandamus is not an available remedy to require a judicial officer to perform a judicial function in a manner different from the way the judicial officer has performed it because mandamus is not available if there is another specific legal remedy (OCGA § 9-6-20), and a right of judicial review of the act of a judicial officer is a legal remedy. [Cit.]

*Zepp v. Brannen*, 283 Ga. 395, 396, n. 1 (658 SE2d 567) (2008). In this case, however, there is no appealable order by the magistrate court judges for review, only a general policy adopted by the court governing the conduct of its judges. As a result, mandamus is appropriate to review the efficacy of the magistrate court's rule. See *Titelman v. Stedman*, 277 Ga. 460 (591 SE2d 774) (2003). Moreover, by adopting an all-encompassing rule, the magistrate court has refused to properly exercise its discretion in considering hearsay testimony as an appropriate basis for determining probable cause. Mandamus is an appropriate remedy to compel the performance of an official duty, including the exercise of discretion. See, e.g., *Common Cause of Montana v. Argenbright*, 276 Mont. 382, 392 (2) (917 P2d 425) (1996) ("[M]andamus may issue to require the exercise of permissible discretion, . . . although the manner in which the discretionary act is to be performed is not to be directed by the Court. [Cit.]"); *Thomas v. Hollis*, 232 SC 330 (102 SE2d 110, 114) (1958) ("[M]andamus may be used to compel an administrative agency to act by exercising its judgment or discretion."). Therefore, the District Attorney properly filed a mandamus action against the magistrate court judges to compel them to exercise their discretion to consider whether hearsay evidence, standing alone, may establish probable cause.

DECIDED SEPTEMBER 22, 2008 —
RECONSIDERATION DENIED OCTOBER 27, 2008.

*Howard W. Indermark*, for appellants.
*Gwendolyn Keyes Fleming, District Attorney, Barbara B. Conroy, Leonora Grant, Assistant District Attorneys*, for appellee.
*Gerard B. Kleinrock, Tommy K. Floyd, District Attorney, Lalaine A. Briones, Assistant District Attorney, Charles C. Olson*, amici curiae.