A10A2104. BETHEL v. FLEMING.
(713 SE2d 900)

MILLER, Presiding Judge.

This case involves a declaratory judgment action brought by Gwendolyn Keyes Fleming, the former District Attorney of the Stone Mountain Judicial Circuit (the "District Attorney"),[1] against Winston P. Bethel, Chief Judge, and the other judges of the Magistrate Court of DeKalb County ("MCDC").[2] The District Attorney asserts

---

[1] District Attorney Fleming has since been succeeded by the Honorable Robert D. James.

[2] Berryl A. Anderson, Judge, MCDC; Kathy K. Dorough, Judge, MCDC; C. David Wood, Judge, MCDC; Rhathelia Stroud, Judge, MCDC; Tracy Aronovitz Dorfman, Judge, MCDC; Richard C. Foxworth, Judge, MCDC; Glen Galbaugh, Judge, MCDC; M. Ayres Gardner, Judge, MCDC; Abbi Taylor Guest, Judge, MCDC; Alan Harvey, Judge, MCDC; Claire Bradley Jason, Judge, MCDC; Robert N. Leitch, Judge, MCDC; Gary J. Leshaw, Judge, MCDC; Curtis W. Miller, Judge, MCDC; Albert Sacks, Judge, MCDC; Amy Ratoosh Simon, Judge, MCDC; James E. Spence, Jr., Judge, MCDC; Corneill A. Stephens, Judge, MCDC; William D. Strickland,

that declaratory judgment relief is needed to enable her to ascertain the proper evidentiary standards in preliminary hearings in the MCDC, alleging that she faced uncertainty and insecurity as to her ability to rely on hearsay evidence alone as a basis on which to establish probable cause in order to have a case bound over to an appropriate court. On the parties' cross-motions for summary judgment, the trial court granted the District Attorney's motion and entered a declaratory judgment in favor of the District Attorney. The MCDC appeals, arguing that (i) the underlying action for declaratory judgment is procedurally improper under OCGA § 9-4-2 (a) and (b), (ii) the MCDC has discretion to exclude hearsay evidence at preliminary hearings, and (iii) noncompliance with a declaratory judgment does not constitute a basis for bringing a complaint to the Judicial Qualifications Commission ("JQC").

This case is of great significance to the extent that if decided wrongly, it would negatively impact the expedient resolution of cases and the public safety of all Georgia citizens in the context of the criminal justice system. To that end, we find a declaratory judgment regarding the proper evidentiary standards in preliminary hearings is authorized and necessary in this case, and further, that magistrate judges are required to admit and weigh hearsay evidence in preliminary hearings. We thus affirm the trial court's order on these grounds. Regarding the trial court's ruling on JQC complaints, however, we conclude that such ruling was an erroneous advisory opinion; therefore, we reverse that portion of the declaratory judgment.

This Court's review of the grant or denial of summary judgment is de novo in order to determine whether any genuine issue of material fact exists for resolution by a jury. To prevail at summary judgment, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law pursuant to OCGA § 9-11-56 (c). A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. The burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of

Judge, MCDC; and Mary Walton Whiteman, Judge, MCDC.

evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue.

(Punctuation and footnotes omitted.) *McCullough v. Reyes*, 287 Ga. App. 483, 484 (651 SE2d 810) (2007).

So viewed, the evidence shows that the genesis of the instant action dates back to 2007, when the District Attorney filed a petition for mandamus and writ of prohibition against the MCDC and against Chief Judge Bethel and certain magistrate judges in their individual capacities, seeking an order requiring the MCDC to admit and consider hearsay evidence at preliminary hearings to determine whether to bind over the defendant for grand jury indictment. The trial court ruled that "a magistrate judge does not have the discretion to refuse to admit hearsay or to require evidence in addition to hearsay evidence, if such hearsay by itself establishes probable cause to bind over charges against a defendant."

The MCDC appealed to the Supreme Court of Georgia, which reversed the trial court's order on the ground that the "underlying subject matter concerns rulings allegedly made in criminal prosecutions, and from which the State has no ability to appeal . . . ." *Magistrate Court of DeKalb County v. Fleming*, 284 Ga. 457, 458 (667 SE2d 356) (2008). In reaching its decision, however, the Supreme Court opined that had the District Attorney's petition for mandamus and prohibition been cast as a complaint for declaratory judgment, "merely seeking guidance regarding the proper evidentiary standards for preliminary hearings," such a complaint would have been proper. Id. at 458.

Upon the remittitur of the case, the District Attorney sought leave of court to amend her petition for mandamus and prohibition to assert the claim for declaratory judgment now at issue before this Court. On cross-motions for summary judgment, the trial court entered judgment for Fleming and against the MCDC, declaring that at a preliminary hearing:

(1) there is no constitutional right to confront witnesses, (2) hearsay evidence is probative evidence, (3) hearsay evidence is admissible and the magistrate judge does not have the discretion to exclude evidence simply because it is hearsay, (4) the magistrate judge does not have the discretion to require evidence in addition to hearsay evidence as a condition precedent to bind over, if such evidence *by itself* establishes probable cause, and (5) the probable cause standard for bind over at a preliminary hearing is the same

as the probable cause standard for the issuance of an arrest warrant.

(Emphasis in original.)

Finally, the trial court opined that should a magistrate judge disregard its ruling, a complaint could properly be made to the JQC for determination of whether the accused magistrate judge "had engaged in judicial misconduct for wilfully failing to follow clear and determined law."

1. The MCDC argues that the District Attorney cannot satisfy the statutory elements for a declaratory judgment action, and regardless, her petition was improperly brought and is moot. Specifically, the MCDC asserts that: (a) there is no case or controversy under OCGA § 9-4-2 (a) since the case does not "affect[ ] any actual pending criminal prosecution" and "does not challenge any specific ruling in a specific case"; (b) the case involves a matter of criminal, rather than civil, law; and (c) the action is moot for lack of uncertainty and practical effect. Finding this to be a civil case clearly presenting a justiciable controversy which cannot be regarded as moot given the District Attorney's daily evidentiary burden at countless bindover hearings, we are not persuaded.

(a) *Case or Controversy*. Standing to assert a claim for declaratory judgment does not turn exclusively on the presence of a case or controversy under OCGA § 9-4-2 (a). Rather, subsection (b) thereof extends the reach of the Declaratory Judgment Act beyond actual cases or controversies to any controversies that are "justiciable." *Calvary Independent Baptist Church v. City of Rome*, 208 Ga. 312, 314 (3) (66 SE2d 726) (1951). In this regard, a declaratory judgment is authorized when there are

> circumstances showing any necessity for a determination of the dispute to guide and protect the plaintiff from uncertainty and insecurity with regard to the propriety of some future act or conduct, which is properly incident to his alleged rights and which if taken without direction might reasonably jeopardize his interest . . . .

(Citation and punctuation omitted.) *Morgan v. Guaranty Nat. Cos.*, 268 Ga. 343, 344 (489 SE2d 803) (1997).

Here, as the trial court recognized, the District Attorney must daily appear and assume a burden of proof and production of evidence during preliminary hearings in the MCDC. See OCGA § 17-7-23 (a) ("The duty of a court of inquiry is simply to determine whether there is sufficient reason to suspect the guilt of the accused and to require him to appear and answer before the court competent

to try him. Whenever such probable cause exists, it is the duty of the court to commit."); see also *Neal v. State*, 160 Ga. App. 498, 499 (1) (287 SE2d 399) (1981), overruled on other grounds, *Bangs v. State*, 198 Ga. App. 404 (401 SE2d 599) (1991) ("The state's burden at the commitment hearing is simply to show probable cause to believe the accused guilty, and if so, to bind him over to the grand jury for indictment, rather than to show guilt beyond a reasonable doubt, as at trial."). The MCDC's responses to the District Attorney's five Requests for Admissions, internal memoranda and trial testimony indicating that hearsay evidence is illegal evidence and insufficient alone to establish probable cause to bind a case over to superior court demonstrate that the MCDC has established a standard practice requiring the production of "direct evidence,"[3] in addition to hearsay evidence, to support a bindover determination at a preliminary hearing. The result, as recognized by the trial court and as suggested by the Supreme Court in *Fleming*, is uncertainty and insecurity in the District Attorney as to her office's burden of proof and production at future preliminary hearings. Accordingly, the District Attorney's declaratory judgment claim is proper as involving a justiciable controversy. *Calvary Independent Baptist Church*, supra, 208 Ga. at 314 (3); see also *Morgan*, supra, 268 Ga. at 344.

(b) *Civil versus Criminal Case*. Neither is there merit in the MCDC's claim that the District Attorney's declaratory judgment action is improper because it involves a criminal, rather than a civil, matter.

By the instant suit for declaratory judgment, as compared to the District Attorney's original petition for mandamus and prohibition, the District Attorney plainly does not challenge a ruling or judgment in a criminal prosecution, from which the State has no right of appeal. Cf. OCGA § 5-7-1 (a) (authorizing appeal by the State in criminal cases in limited circumstances only); *Fleming*, supra, 248 Ga. at 458 ("[A]s the underlying subject matter concerns rulings allegedly made in criminal prosecutions, and from which the State has no ability to appeal, the trial court erred by considering the petition for mandamus and prohibition . . . ."). Rather, the District Attorney's claim for declaratory judgment seeks guidance regarding the proper evidentiary standards for preliminary hearings, *Fleming*, supra, 248 Ga. at 457-458, given the untenable position she is in on a daily basis regarding her ability to rely on hearsay evidence alone to establish probable cause for bind over to the indictment phase of

---

[3] The magistrates' individual discovery responses reflect inconsistencies in their handling of hearsay evidence during preliminary hearings. The trial court opined that the effect of allowing individual magistrate judges to make inconsistent determinations regarding the admissibility of evidence presented a "quagmire."

the process. Thus, the District Attorney's claim is properly a claim for declaratory relief. See OCGA § 9-4-1 (purpose of Declaratory Judgment Act is to "settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations"); *Calvary Independent Baptist Church*, supra, 208 Ga. at 314 (3).

(c) *Mootness.* The MCDC contends that the instant action is moot for lack of uncertainty and because it would have no practical effect on the relationship of the parties, does not affect any identifiable pending case, and would not allow the District Attorney to challenge any past, present, or future ruling in a preliminary hearing. As to the issue of uncertainty, however, the MCDC concedes "some degree of theoretical uncertainty regarding the state of the law" as to the evidentiary standards for preliminary hearings." This is consistent with the trial court's uncontradicted finding that the judges' responses to the District Attorney's Requests for Admissions, show that the District Attorney faces uncertainty and insecurity as to her burden of proof at preliminary hearings.

Given this uncertainty with respect to future preliminary hearings and the sheer body of criminal cases that come before the MCDC, we conclude that the District Attorney's declaratory judgment action was a justiciable controversy that authorizes a declaratory judgment under OCGA § 9-4-2 (a). And contrary to the MCDC's argument otherwise, because the trial court's declaratory judgment resolves for the District Attorney such future uncertainty, this is not a case where the trial court's decision lacks any practical effect.[4] Therefore, the District Attorney's declaratory judgment action is not moot.

2. Next, the MCDC contends that the trial court erred "in holding that courts of inquiry[, as opposed to courts of record,] have no discretion regarding whether to admit hearsay in preliminary hearings." Citing Uniform Superior Court Rule 26.2 (B) (1) and Uniform Magistrate Court Rule 25.2 C. (1) (collectively, "Uniform Rules"), the MCDC argues that the admission of hearsay evidence at a preliminary hearing is vested in the discretion of the magistrate court, because each Uniform Rule states that "[t]he rules of evidence shall apply except that hearsay *may* be allowed[.]" (emphasis supplied). Further, the MCDC argues that *Gresham v. Edwards*, 281 Ga. 881 (644 SE2d 122) (2007), does not conflict with its interpretation of these rules. We disagree.

---

[4] To the extent the MCDC contends otherwise, we note that its argument ignores the purpose of the trial court's order. Its purpose was not to provide the District Attorney a basis upon which to challenge evidentiary rulings made in the future. Rather, the purpose of the order was to declare the law and remove all confusion as to the applicable standard relative to the admissibility of hearsay evidence in preliminary bindover hearings.

OCGA § 17-7-28 provides that "[t]he court of inquiry shall hear all legal evidence submitted by either party."[5] By the statute's mandatory language, magistrate judges are required to consider all "legal evidence" presented at a preliminary hearing. The question is whether hearsay evidence is "legal evidence" that must be admitted at such a hearing. The MCDC's assertions to the contrary notwithstanding, we answer in the affirmative.[6] The Uniform Rules state that in a preliminary hearing "[t]he rules of evidence shall apply except that hearsay may be allowed." Uniform Rules 26.2 (B) (1) and 25.2 C. (1). While the MCDC interprets the word "may" as permissive, we cannot agree. Consistent with settled law establishing that hearsay evidence is admissible as legal evidence at preliminary hearings,[7] we conclude that the purpose of the Uniform Rules is to expand the scope of legal evidence in preliminary hearings to "allow" hearsay as legal evidence. Our conclusion, however, does not in any sense foreclose the discretion in magistrate judges to weigh hearsay evidence, as appropriate; our conclusion mandates only that they admit the same as legal evidence. Nor does it foreclose a magistrate judge, after hearing the evidence, from deciding that probable cause does not exist and then dismissing

---

[5] We note that magistrate courts are courts of inquiry only, and not courts of record. See *Bowen v. Ball*, 215 Ga. App. 640, 640 (451 SE2d 502) (1994) ("Magistrate courts are not required to keep the type of permanent records required in order to be considered a court of record and are not therefore, so considered."). We note further that "[m]agistrate courts are courts of limited jurisdiction and, therefore, possess only those powers specifically conferred upon them by statute." Id.; see OCGA § 15-10-2 (delineating the jurisdiction and powers of magistrate courts). Nevertheless, in the context of preliminary hearings in criminal cases, magistrate courts are charged with the performance of an essential, core function of the criminal justice system, that is, they must " 'determine whether there is probable cause to believe the accused guilty of the crime charged, and if so, to bind him over for indictment by the grand jury.' " *Gresham*, supra, 281 Ga. 882 (1), n. 2.

[6] The General Assembly recently amended the Georgia Code to substantially revise, supersede, and modernize provisions relating to evidence "to adopt the Federal Rules of Evidence, as interpreted by the Supreme Court of the United States and the United States circuit courts of appeal as of January 1, 2013 . . . ." See House Bill No. 24, Ga. L. 2011, p. 1, § 1. Although the amended Code sections do not apply in this case, we nevertheless note that they are consistent with our conclusion here. See House Bill No. 24, Ga. L. 2011, p. 3, § 2 ("In criminal commitment or preliminary hearings in any court, the rules of evidence shall apply except that hearsay shall be admissible.") (to be codified at OCGA § 24-1-2 (d) (1)); id. at p. 97, § 30 ("The rules of evidence shall apply except that hearsay shall be admissible.") (to be codified at OCGA § 17-7-28).

[7] See *Gerstein v. Pugh*, 420 U. S. 103, 120 (III) (95 SC 854, 43 LE2d 54) (1975) ("[P]robable cause to believe the suspect has committed a crime – traditionally has been decided by a magistrate in a nonadversary proceeding on hearsay and written testimony, and the Court has approved these informal modes of proof."); *Gresham*, supra, 281 Ga. at 882-884 (2) (over objection, the admission of the hearsay testimony presented by the investigating detective was admissible at a preliminary hearing and sufficient alone to establish probable cause to bind over the defendant); see also *Fleming*, supra, 284 Ga. at 460 (Sears, C. J., dissenting) (pursuant to longstanding evidentiary rules hearsay is legal evidence at a preliminary hearing).

the case. As the trial court noted,

> [o]nce hearsay is admitted as probative evidence, the magistrate judge [should apply] the "totality of the circumstances test" in determining if probable cause exists for bind over to the appropriate court. In making a determination [as to whether] probable cause exists, the magistrate judge is entitled to make a *good faith* determination of the weight and credibility to be given hearsay evidence based on ". . . the veracity and basis of knowledge of persons supplying the hearsay information . . . ." *Bussey v. State*, 263 Ga. App. 56[, 60 (3)] (587 SE2d 134) (2003).

Our conclusion is further supported by the public's interest in justice and safety which is implicated when criminal charges are preliminarily dismissed against persons who were arrested pursuant to a showing of probable cause sufficient to obtain an arrest warrant. "A mandatory construction will usually be given to the word 'may' where public interests are concerned, and the public or third persons have a claim de jure that the power conferred should be exercised, or whenever something is directed to be done for the sake of justice or the public good . . . ." (Citations and punctuation omitted.) *Longino v. Hanley*, 184 Ga. 328, 329-330 (191 SE 101) (1937). Accordingly, the trial court did not err in ruling that hearsay evidence must be admitted as legal evidence at preliminary hearings.

3. Finally, the MCDC claims that the trial court erred in opining that its declaration of law was subject to enforcement by a complaint to the JQC. We agree. Such issue was not properly before the trial court, and the trial court's ruling regarding the JQC was merely advisory. See *Baker v. City of Marietta*, 271 Ga. 210, 214-215 (1) (578 SE2d 879) (1999). Entry of a declaratory judgment "based on a possible or probable future contingency . . . is an erroneous advisory opinion which rules in a party's favor as to future litigation over the subject matter and must be vacated." Id. at 215 (1). Thus, we reverse the portion of its declaratory judgment regarding complaints to the JQC.

In sum, although the JQC portion of the trial court's order was error, we nevertheless find that a declaratory judgment regarding the proper evidentiary standards in preliminary hearings is authorized and necessary in this case, and further, that magistrate judges are required to admit and weigh hearsay evidence in preliminary hearings.

*Judgment affirmed in part and reversed in part. Ellington, C. J., and Doyle, J., concur.*

*Howard W. Indermark, Benjamin D. Goldberg*, for appellant.

*Leonora Grant, Matthew McCoyd, Assistant District Attorneys*, for appellee.

*Susan B. Ellis*, amicus curiae.